588 F.Supp. 889 (1984)
Peter DiSANDRO, Jr. and Joanne King DiSandro, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation; Leonard H. Zalopany; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank, Defendants.
The MAKAHUENA CORPORATION, Leonard H. Zalopany, Aekai Realty, Inc., Third-Party Plaintiffs,
v.
MORRISON-KNUDSEN COMPANY, INC., Team Pacific, Inc., and Louis Abrams, Third-Party Defendants. (6 Cases).
MORRISON-KNUDSEN COMPANY, INC., Fourth-Party Plaintiff,
v.
FRITZ OF HAWAII, INC., Thos. Fujikawa Painting Co., Aloha Sheet Metal, Inc., Galante Construction, Inc., Victor's Roofing, Inc., Matt Deal, Famco Corporation, Quality Masons, Inc., The County of Kauai, Hale Opio Kauai Inc., Mark David Roundtree, Lighten Nagao, Joseph Aquino, Richard C. Nagao, Shizuko Nagao, David A. Roundtree, Margaret M. Roundtree and Cordie Aquino, Fourth-Party Defendants. (7 Cases).
Harold J. SPIDLE and Birdessa Spidle, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation; Leonard H. Zalopany; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank, Defendants.
Richard McKAY and William A. Schwartz, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation; Leonard H. Zalopany; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank, Defendants.
The MAKAHUENA CORPORATION, Defendant and Third-Party Plaintiff,
v.
Sharon A. McKAY and Timotha Schwartz, Third-Party Defendants.
Donald O. COLLINS, Plaintiff,
v.
MAKAHUENA CORPORATION, a Hawaii corporation; Leonard Zalopany; Zalopany Children & Grandchildren Trust; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank; Hawaii Thrift & Loan, Defendants.
HAWAII THRIFT & LOAN INCORPORATED, Cross-Plaintiff,
v.
Leonard H. ZALOPANY and First Hawaii Bank, Cross-Defendants,
and
AJW Kauai Investors, a California limited partnership; Arnold J. Weinstein, dba Weinstein & Associates; Arnold J. Weinstein, dba Weinstein & Associates, as General Partner of AJW Kauai Investors; Robert J. Binder, M.D.; Edward A. Navarro; Joan V. Blum; Cyril J. Blum; Dennis L. Flaherty; Edwin B. Boasso; William J. Mouren; and Michael Rubenstein, Additional Cross-Defendants.
Leonard H. ZALOPANY, Cross-Plaintiff,
v.
AJW KAUAI INVESTORS, a California limited partnership; Arnold J. Weinstein, dba Weinstein & Associates; Arnold J. Weinstein, dba Weinstein & Associates, as General Partner of AJW Kauai Investors; Robert J. Binder, M.D.; Edward A. Navarro; John V. Blum; Cyril J. Blum; Dennis L. Flaherty; Edwin B. Boasso; William J. Mouren; and Michael Rubenstein, Additional Cross-Defendants.
The MAKAHUENA CORPORATION, Cross-Plaintiff,
v.
AJW KAUAI INVESTORS, a California limited partnership; Arnold J. Weinstein, *890 dba Weinstein & Associates; Arnold J. Weinstein, dba Weinstein & Associates, as General Partner of AJW Kauai Investors; Robert J. Binder, M.D.; Edward A. Navarro; Joan V. Blum; Cyril J. Blum; Dennis L. Flaherty; Edwin B. Boasso; William J. Mouren; and Michael Rubenstein, Additional Cross-Defendants.
The MAKAHUENA CORPORATION, Third-Party Plaintiff,
v.
Dennis C. LAI, Third-Party Defendant.
Michael H. LAW and Constance M. Law, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation, Leonard H. Zalopany, Zalopany Children & Grandchildren Trust, Aekai Realty, Inc., a Hawaii corporation, First Hawaiian Bank, Defendants.
David GEAN, Craig Smith and William Bennett, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation, Leonard H. Zalopany; Zalopany Children and Grandchildren Trust; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank, Defendants.
The MAKAHUENA CORPORATION, Leonard H. Zalopany, Zalopany Children and Grandchildren Trust, and Aekai Realty, Inc., Third-Party Plaintiffs,
v.
MORRISON-KNUDSEN COMPANY, INC., Team Pacific, Inc., and Louis Abrams, Third-Party Defendants.
Stanley R. MEDSKER and Aldah M. Medsker, Plaintiffs,
v.
MAKAHUENA CORPORATION, a Hawaii corporation; Leonard H. Zalopany; Zalopany Children and Grandchildren Trust; Aekai Realty, Inc., a Hawaii corporation; First Hawaiian Bank, Defendants.
Patrick GLEASON and Jean Gleason, Plaintiffs,
v.
The MAKAHUENA CORPORATION, a Hawaii corporation; Leonard H. Zalopany; First Hawaiian Bank; Makai Properties, a Hawaii corporation; Randy Abbott, Defendants.
Civ. Nos. 83-508 to 83-510, 83-572, 83-573, 83-850, 83-906 and 84-417.
United States District Court, D. Hawaii.
May 29, 1984.
*891 Paul Alston, Deborah A. Ching, Shelby Floyd, Honolulu, Hawaii for plaintiffs, additional cross-defendant AJW Kauai Investors and third-party defendants Sharon A. McKay & Timotha Schwartz.
James M. Sattler, Matthew J. Yingling, Honolulu, Hawaii, for defendants Makahuena Corporation, Leonard H. Zalopany, Aekai Realty, Inc., and Zalopany children & grandchildren Trust.
Wallace S. Fujiyama, Rodney Fujiyama, Paul Sato, Honolulu, Hawaii, for defendant First Hawaiian Bank.
Gilbert D. Butson, Dennis O'Connor, Marilyn P. Lee, Honolulu, Hawaii, for third-party defendant Morrison-Knudsen Co., Inc.
J. Douglas Ing, Kevin S.C. Chang, Honolulu, Hawaii, for third-party defendant Team Pacific, Inc.
George W. Brandt, Bradford F.K. Bliss, Honolulu, Hawaii, for third-party defendant Louis E. Abrams.
Stephen M. Okano, David H. White, Honolulu, Hawaii, for defendant Hawaii Thrift & Loan.

OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
SAMUEL P. KING, Chief Judge.
Plaintiffs were condominium purchasers in The Makahuena condominium development project near Poipu Beach on the Island of Kauai. Some of the plaintiffs now seek, among other things, to void their purchases pursuant to Part IV of the Hawaii Horizontal Property Act, Hawaii Rev. Stat. §§ 514A-68 and 514A-69 (Supp.1983). Plaintiffs have moved for partial summary judgment on the issues of whether section 514A-68 requires scienter on the part of the developer or other disseminator of information and reliance on the part of the buyer. This court holds that proof of neither scienter nor reliance is required.

I.
At the outset, the defendants argue that this court does not have the authority to entertain plaintiffs' partial summary judgment motion. First, the defendants contend that summary judgment is available only where it will dispose entirely of at least one of plaintiffs' claims. Cf., e.g., Aetna Cas. & Sur. Co. v. Jeppesen & Co., 440 F.Supp. 394, 396 & n. 3 (D.Nev.1977) *892 (Fed.R.Civ.P. 56(c) allows for partial summary judgment only on entire issues) (citing Biggins v. Oltmer Iron Works, 154 F.2d 214, 216-17 (7th Cir.1946)). Second, the defendants argue that to decide plaintiffs' partial summary judgment motion would be to render an advisory opinion in violation of Article III's case or controversy requirement.
The defendants take too narrow a view of the scope of summary judgment under Fed.R.Civ.P. 56. Summary judgment is available to decide purely legal issues. See generally Schwarzer, Summary Judgment Under the Federal Rules, 99 F.R.D. 465, 468 (1984). It is appropriate to decide a few limited issues by summary judgment, even if those issues are not entirely dispositive of any one claim. Summary judgment can thus serve to set the issues for trial. See, e.g., Lies v. Farrell Lines, Inc., 641 F.2d 765, 768-69 & n. 3 (9th Cir.1981). The fact that less than an entire claim is settled by the summary judgment ruling does not vitiate the court's jurisdiction to decide the issue. This court now has before it parties who maintain conflicting and antagonistic positions on the meaning of a statute. The outcome of the dispute will have an immediate impact on the proofs to be offered at trial in support of the elements of the statutory causes of action. This is a case or controversy within Article III's grant of jurisdiction.

II.
Section 514A-68 prohibits two things.[1] Under its first provision, no person may "knowingly authorize, direct, or aid in the publication, advertisement, distribution, or circulation of any false statement or representation concerning any project offered for sale or lease ...." Under its second provision, "no person may issue, circulate, publish, or distribute any advertisement, pamphlet, prospectus, or letter concerning any project which contains any written statement that is false or which contains an untrue statement of material fact or omits to state a material fact ...." Section 514A-69 provides the remedy for violation of section 514A-68, namely, voidability of the sale at the buyer's election.[2]
At issue here is whether buyers must prove scienter as an element to recovery under the second provision of section 514A-68.[3] In other words, must the buyers *893 prove that the distributor or other person knew that the statements in question were false, that material facts were omitted, or that such omissions were misleading in order to prove a violation of section 514A-68's second provision?
The Hawaii courts have not yet addressed this issue. The legislative history of section 514A-68 does not expressly disclose whether the legislature intended scienter to be an element of recovery. What is apparent is that the statute had a consumer protection orientation. The law was intended to insure that all material facts relevant to an intelligent purchasing decision are available to prospective purchasers. See H. Standing Comm. on the Judiciary Rep. No. 822, 1967 House J. 794; S. Standing Comm. on the Judiciary Rep. No. 240, 1967 Senate J. 955. To that end, the statute was modeled after other consumer protection laws "to include the standard prohibitions found in disclosure acts against both false statements and omissions which are misleading." 1967 House J. at 795; see also 1967 Senate J. at 957.[4] Analogies to similar consumer protection laws are therefore particularly helpful in construing section 514A-68's second provision.
Comparison of two provisions of the Securities Acts of 1933 and 1934 provides some insight. Rule 10b-5, 17 C.F.R. § 240.10b-5 (1983), adopted pursuant to section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b) (1982), prohibits the use of so-called "deceptive" or "manipulative" practices in the sale of securities. Such words connote intentional and willful conduct designed to deceive or defraud. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 199, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976). The words suggest a congressional intent to proscribe conduct involving scienter. Id. at 202, 96 S.Ct. at 1385. Accordingly, proof of the actor's scienter is an element to recovery under Rule 10b-5. Id. at 215, 96 S.Ct. at 1391.
By comparison, section 17(a)(2) of the 1933 Act, 15 U.S.C. § 77q(a)(2) (1982), makes it unlawful for any person in the offer or sale of securities "to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact ...." The section contains no words that are inherently laden with intentional conduct, like "manipulative" or "deceptive." There is nothing on the face of section 17(a)(2) that suggests a scienter or intent-to-defraud requirement. Aaron v. S.E.C., 446 U.S. 680, 696, 100 S.Ct. 1945, 1955, 64 L.Ed.2d 611 (1980). Accordingly, proof of scienter is not an element to recovery under section 17(a)(2). Id. at 702, 100 S.Ct. at 1958.
Hawaii's section 514A-68's second provision is closer to section 17(a)(2) than it is to Rule 10b-5. Like section 17(a)(2), and unlike Rule 10b-5, section 514A-68's second provision omits any reference to words like "deceptive" and "manipulative." Like section 17(a)(2), and unlike Rule 10b-5, section 514A-68's second provision speaks merely to the inclusion of false statements and omissions of material facts. The wording of section 17(a)(2) and the second half of section 514A-68 are quite similar. The similarity of the sections argues for a similar rejection of a scienter requirement in claims brought under section 514A-68's second provision.[5]
*894 Another analogy is to the prohibited activities section of the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. § 1703(a) (1982). Just like the Hawaii law, the ILSFDA was enacted to "prevent false and deceptive practices ... by requiring developers to disclose information needed by potential buyers." Flint Ridge Dev. Co. v. Scenic Rivers Assoc., 426 U.S. 776, 778, 96 S.Ct. 2430, 2433, 49 L.Ed.2d 205 (1976). The ILSFDA makes it unlawful in the sale or lease of any lot for a developer or agent "to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact ...." 15 U.S.C. § 1703(a)(2)(B) (1982). Relying primarily on analogy to securities laws, the courts have construed that language not to require a showing of scienter. Hester v. Hidden Valley Lakes, Inc., 495 F.Supp. 48, 53 (N.D.Miss.1980); Bryan v. Amrep Corp., 429 F.Supp. 313, 317 (S.D.N. Y.1977);[6]cf. United States v. Dacus, 634 F.2d 441, 446 (9th Cir.1980) (specific intent is not an element of ILSFDA registration requirements); Ackmann v. Merchants Mortgage & Trust Corp., 645 P.2d 7, 16-17 (Colo.1982) (section 1703(a)(2)(C) also requires no showing of scienter). The similarity in language and purpose of section 514A-68 to the ILSFDA calls for a similar construction not requiring proof of scienter as an element of a cause of action under section 514A-68's second provision.
Finally, the first provision of section 514A-68 expressly carries a requirement that the prohibited action be taken "knowingly." If the Hawaii Legislature had intended section 514A-68's second provision to require proof of scienter, it would have extended that "knowing" requirement through all of section 514A-68. The legislature did not so extend the requirement and this court is not prepared to do so by judicial revision of the statute.
The plain language of section 514A-68 and its similarity to other consumer protection statutes have led this court to conclude that the plaintiffs will not have to prove scienter on the defendants' part as an element of their claims under sections 514A-68 and 514A-69.

III.
The second issue presented in plaintiffs' partial summary judgment motion is whether they must prove their reliance on the actions allegedly taken by defendants in violation of section 514A-68 in order to recover under section 514A-69. Again, the court has no Hawaii precedent and only general legislative intent as a guide.
First, the plain language of the sections gives no indication that the legislature intended proof of reliance to be an element of the statutory cause of action. The purpose of the statute was to force sellers and others to disclose all relevant facts to prospective buyers. The chief purpose of disclosure would be hindered if buyers had to prove they relied on the material misstatements or misleading omissions. The legislative intent was to create an open, honest condominium market. To require individual purchasers to prove reliance would thwart that legislative goal. Cf. Blackie v. Barrack, 524 F.2d 891, 906 (9th Cir.1975) (so-called fraud-on-the-market theory of reliance in securities cases), cert. denied, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).
*895 Second, an analogy to the ILSFDA, which has a similar purpose and similar language to that of the Hawaii law, argues against a reliance requirement. In passing the fraud and misrepresentation sections of the ILSFDA, 15 U.S.C. § 1703(a) (1982), Congress expressly recognized that "the purchaser's actual reliance would no longer have to be an element of proof ...." H.Rep. No. 96-154, 96th Cong., 1st Sess. 35, reprinted in 1979 U.S.Code Cong. & Ad.News 2317, 2351. E.g., Hoffman v. Charnita, Inc., 58 F.R.D. 86, 90 (M.D.Pa. 1973).[7] Rather, reliance is subsumed in a general way into the definition of materiality. See generally H.Rep. No. 96-154, supra. Likewise, reliance is not an element of many federal securities causes of action. E.g., Mills v. Electric Auto-Lite Co., 396 U.S. 375, 385, 90 S.Ct. 616, 622, 24 L.Ed.2d 593 (1970). This court finds these analogies persuasive.
The plain language of the Hawaii statute and the analogies to statutes similar in wording and purpose lead this court to conclude that plaintiffs will not have to prove reliance as an element to their claims under sections 514A-68 and 514A-69.

IV.
The defendants have urged that this holding is bad public policy. The defendants' argument is unpersuasive for primarily two reasons. First, to adopt defendants' reading of the statute and to require proof of scienter and reliance would emasculate sections 514A-68 and 514A-69. If proof of scienter and reliance is made, then common-law fraud has been proved. E.g., Kang v. Harrington, 59 Hawaii 652, 587 P.2d 285 (1978). Defendants' reading of the statute accords it no independent effect.
Second, "[s]ince the language and legislative history of ... [the statute] are dispositive, ... [the court has] no occasion to address the `policy' arguments advanced by the parties." Aaron v. S.E.C., 446 U.S. at 700 n. 19, 100 S.Ct. at 1957 n. 19. Defendants' so-called policy arguments should be made to the Hawaii Legislature.
IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment is GRANTED IN PART; plaintiffs need not prove scienter or reliance as elements of their causes of action under Hawaii Rev.Stat. §§ 514A-68 and 514A-69 (Supp.1983).
NOTES
[1] Hawaii Rev.Stat. § 514A-68 (Supp.1983) provides:

Misleading statements and omissions. No officer, agent, or employee of any company, and no other person may knowingly authorize, direct, or aid in the publication, advertisement, distribution, or circulation of any false statement or representation concerning any project offered for sale or lease, and no person may issue, circulate, publish, or distribute any advertisement, pamphlet, prospectus, or letter concerning any project which contains any written statement that is false or which contains an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements therein made in the light of the circumstances under which they are made not misleading.
[2] Hawaii Rev.Stat. § 514A-69 (Supp.1983) provides:

Remedies; sales voidable when and by whom. Every sale made in violation of section 514A-68 is voidable at the election of the purchaser; and the person making such sale and every director, officer, or agent of or for such seller, if the director, officer, or agent has personally participated or aided in any way in making the sale, is jointly and severally liable to the purchaser in an action in any court of competent jurisdiction upon tender of the units sold or of the contract made, for the full amount paid by the purchaser, with interest, together with all taxable court costs and reasonable attorney's fees; provided that no action shall be brought for recovery of the purchase price after two years from the date of the sale and provided further that no purchaser otherwise entitled shall claim or have the benefit of this section who has refused or failed to accept within thirty days an offer in writing of the seller to take back the unit in question and to refund the full amount paid by the purchases, together with interest at six per cent on such amount for the period from the date of payment by the purchaser down to the date of repayment.
[3] Scienter is generally used "to refer to `a mental state embracing intent to deceive, manipulate, or defraud.'" Aaron v. S.E.C., 446 U.S. 680, 686 n. 5, 100 S.Ct. 1945, 1950 n. 5, 64 L.Ed.2d 611 (1980) (quoting Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n. 12, 96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668 (1976)).
[4] This legislative history pertains to the original version of sections 514A-68 and 514A-69, enacted by 1967 Hawaii Sess.Laws c. 244, § 9, 365, 368. The law was later amended with only minor grammatical changes to sections 514A-68 and 514A-69 by 1977 Hawaii Sess.Laws c. 98, § 2, 162, 175. The legislative history therefore applies with equal force to the current version of sections 514A-68 and 514A-69.
[5] Since sections 514A-68 and 514A-69 were first enacted in 1967, the Hawaii Legislature obviously did not have the benefit of Ernst & Ernst v. Hochfelder and Aaron v. S.E.C. in drafting the statute. Ernst & Ernst was available at the time the sections were amended, see supra note 4, but Aaron and its principal antecedents, see, e.g., Steadman v. S.E.C., 603 F.2d 1126 (5th Cir. 1979), aff'd, 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981); S.E.C. v. Coven, 581 F.2d 1020, 1027-28 (2d Cir.1978), cert. denied, 440 U.S. 950, 99 S.Ct. 1432, 59 L.Ed.2d 640 (1979), were as yet undecided. Nevertheless, the Hawaii Legislature did have available to it the statutes and history themselves, which later became the foundation for the cases. This court's holding is based on the plain meaning of sections 514A-68 and 514A-69. Cases such as Ernst & Ernst v. Hochfelder and Aaron v. S.E.C. are instructive on how to read that language even if they were not used as a guide in drafting the statutes.
[6] Hester and Bryan construed 15 U.S.C. § 1709 (1976). That former section was amended by the Housing and Community Development Amendments of 1979, Pub.L. No. 96-153, § 404, 93 Stat. 1101, 1127-28 (1979), and closely resembles the current 15 U.S.C. § 1703(a) (1982). Some changes were made, but the operative language to the analogy prohibiting material misstatements and misleading omissions remained the same. See generally H.Rep. No. 96-154, 96th Cong., 1st Sess. 34-35, reprinted in 1979 U.S.Code Cong. & Ad.News 2317, 2350-51. These cases are therefore still instructive on whether the ILSFDA requires a showing of scienter.
[7] See supra note 6.