**KENDALL McGAW LABORATORIES, INC., Plaintiff,**

v.

**COMMUNITY MEMORIAL HOSPITAL, Defendant.**

**Civ. No. 88–1955 (CSF).**

United States District Court, D. New Jersey.

May 3, 1989.

McCarter & English by John L. McGoldrick, Richard H. Bagger, Newark, N.J., for plaintiff.

---

Lomell, Muccifori, Adler, Ravaschiere, Amabile & Pehlivanian, P.C. by Herman A. Adler, Toms River, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court are the cross-motions of plaintiff, Kendall McGaw Laboratories, Inc. ("KMLI"), and defendant, Community Memorial Hospital ("Community Memorial") for partial summary judgment. The court has considered the parties' written submissions and exhibits pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, both motions are denied.

In 1984 KMLI and Community Memorial entered into an agreement for the purchase and sale of medical supplies. KMLI claims that in 1986, the parties made a superceding contract whereby KMLI charged lower prices in return for a longer commitment from Community Memorial. These two alleged contracts form the basis for the instant dispute. KMLI claims that Community Memorial breached its obligations under the alleged 1986 contract. KMLI also asserts that, even if Community Memorial is bound by the 1984 document, the hospital breached that agreement as well. Community Memorial has denied the contractual validity of the 1986 document and asserted nine affirmative defenses. Community Memorial has also counterclaimed that it performed under the 1984 agreement, but that KMLI breached it by refusing to pay rebates to Community Memorial according to the terms of the agreement. Community Memorial asserts a similar alternative counterclaim as to the 1986 document.

■ These disputes can be resolved without much difficulty once it is determined whether the 1986 contract superceded the 1984 agreement; however, the current motions ask the court to ignore this question. These motions seek only the court's pronouncement as to the appropriate measure of damages should a trial, or later motion practice, resolve the crucial issue. Community Memorial seeks a ruling as to the appropriate measure of damages *if* it is

later determined that the 1986 agreement bound it and KMLI. KMLI seeks a ruling as to the measure of damages *if* it is determined that the 1984 agreement controls.

Federal Rule of Civil Procedure 56 governs the type of motion practice attempted here. That rule has four pertinent provisions. Subsection (a) of the rule allows "a party seeking to recover on a claim, counterclaim, or cross-claim" to obtain summary judgment, while subsection (b) permits such motions for parties defending against "a claim, counterclaim, or cross-claim." Fed.R.Civ.P. 56(a), (b). Both subsections contemplate practice under subsection (c), which sets forth the standards for a motion under either subsection (a) or (b).

■ Neither of the instant motions may be brought under Rule 56(a) or (b). Summary judgment may be had as to one claim among many, but it is well settled that neither subsection allows such a judgment as to one portion a claim. *RePass v. Vreeland,* 357 F.2d 801, 805 (3d Cir.1966); *Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94, 98 (3d Cir.1948) *cert. denied,* 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); *Westinghouse Elec. Corp. v. Fidelity & Deposit Co.,* 63 B.R. 18, 22 (W.D.Pa. 1986); *Testa v. Janssen,* 492 F.Supp. 198, 204 (W.D.Pa.1980); *Bonda's Veevoederfabriek Provimi, B.V. v. Provimi, Inc.,* 425 F.Supp. 1034, 1036 (E.D.Wis.1977). Under Rule 56, a "claim" is an occurrence or transaction which provides the basis for judicial action. *RePass,* 357 F.2d at 805 (*dictum*); *Coffman,* 171 F.2d at 97; *accord, New Energy Co. v. CIGNA Ins. Co.,* 685 F.Supp. 1073, 1078–82 (S.D.Ind.1988) (defining "claim" and "cause of action" for purposes of the court's removal jurisdiction).

■ Rule 56 allows a motion on a claim "or any part thereof." Fed.R.Civ.P. 56(a); *and see* Fed.R.Civ.P. 56(b) (employing identical phrase). Rule 56(c) states that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone." Fed.R.Civ.P. 56(c). The court notes, however, that subsection (c) is Rule 56's only express permission to enter a judgment as to one part of a claim.

Finally, Rule 56(d) allows the court to enter an interlocutory order which may dispose of less than all of the elements of a claim. Fed.R.Civ.P. 56(d). The juxtaposition of these rules was explained by the district court in *SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555 (N.D.Ill.1984):

> Rule 56(a) authorizes summary judgment motions for claimants; Rule 56(b) for defending parties. Rule 56(c) says such motions shall be granted only if 'there is no genuine issue as to any material fact.' Rule 56(d) is not expressed in self-contained terms. Instead, it speaks of motions brought 'under this rule' that do not dispose of the entire case. Neither Rule 56(d) nor any other Rule contains any authorization for motions not justified by the standards of Rule 56(c). Thus summary judgment motions must be brought pursuant to Rule 56(a) or 56(b) ...

*Id.* at 558 (*quoting in part* Fed.R.Civ.P. 56) (footnote omitted). With the exception of liability, a Rule 56 movant may ask the court for judgment on less than an entire claim only in the wake of a full-blown motion under either Rule 56(a) or Rule 56(b). *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 29 (N.D. Ill.1985). Subsections (a) and (b) embrace a judgment on "any part" of a claim from the simple need for consistency with the "liability exception" in Rule 56(c) and the court's ability to enter an interlocutory judgment under Rule 56(d).

The thrust of this law is to prohibit the type of motion before the court. A Rule 56 movant may not "play leapfrog" with his case by seeking a decision whose validity depends on one or more unresolved issues. To allow another result would ignore the chronological structure of trial practice. Just as the events which produce litigation move forward in time, so must the litigation itself. A different arrangement would run the law into conceptually-backward nonsense; damages do not bring forth liability any more than an injury produces a duty. In this regard the court, like the law, will follow Aristotle rather than Wittgenstein.

A second, more concrete reason exists for denying the instant motions. As noted above, the parties seek a judgment based on an entirely hypothetical skein of events. Community Memorial asks the court to imagine that the 1986 agreement was a valid contract; that it superceded the 1984 agreement; and that none of Community Memorial's nine affirmative defenses bar the enforcement of the 1986 contract in the manner desired by KMLI. In contrast, plaintiff seeks to pretend that the 1986 agreement does not bind the parties (whether or not as a result of one or more of Community Memorial's nine affirmative defenses) and suppose that Community Memorial breached the 1984 agreement in spite of the hospital's counter-allegation that it performed under that contract. Moreover, the parties ask the court to refrain from calculating the actual damages under either circumstance. They simply want a legal "what if" pronouncement of the appropriate standard by which such calculations may, or may not, be made at some future date.

Judicial effort would be ill spent on these arguments. Obviously, one of them will be moot immediately upon the entry of a judgment for either side, thereby wasting one-half of the court's work. It is for this reason that courts have routinely refused similar requests. *See e.g., Quintana v. Byrd*, 669 F.Supp. 849, 850 (N.D.Ill.1987) (denying "partial" summary judgment motion as to availability of certain types of damages where liability in issue); *In re Aircrash Disaster Near Chicago, Illinois, on May 25, 1979*, 480 F.Supp. 1280, 1288 (N.D.Ill.1979), *aff'd.* 644 F.2d 633 (7th Cir. 1981) (denying motion for prejudgment interest where liability and damages not decided); *accord, Federal Deposit Ins. Corp. v. Arcadia Marine, Inc.*, 642 F.Supp. 1157 (S.D.N.Y.1986) (allowing partial summary judgment as to damages where liability was not contested), *and Grand Motors, Inc. v. Ford Motor Co.*, 564 F.Supp. 34, 43 (W.D.Mo.1982) (stating that where only damages are in issue "partial summary judgment on the issue of liability" avoids "pointless litigation"). Indeed, the only benefit which deciding these motions can

produce is bringing the parties closer to settlement. This task is best left to KMLI and Community Memorial, who certainly have more to gain, or lose, as the case may be, than does the court. An order accompanies this opinion. No costs.

### ORDER

This matter having been opened to the court on cross-motions of plaintiff and defendant for partial summary judgment; and the court having read and considered the written submissions of the parties; and good cause appearing,

IT IS on this 3rd day of May, 1989,

ORDERED that the motion of plaintiff for partial summary judgment and the motion of defendant for partial summary judgment be and hereby are denied.