Earl I. ANZAI, Attorney General for the State of Hawaii, As Parens Patriae for the Natural Persons Residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies, Plaintiff,

v.

CHEVRON CORPORATION, et al., Defendants.

No. 98–00792 SPK/KSC.

United States District Court, D. Hawai'i.

Sept. 28, 2001.

L. Richard DeRobertis, Jeffrey T. Ono, Howard G. McPherson, Galiher DeRobertis Nakamura Ono Takitani, Honolulu, HI, Spencer Hosie, George Frost, Hosie Frost

& Large, San Francisco, CA, Earl Anzai, Jack Rosenzwieg, Dept. of Atty. Gen., Honolulu, HI, for Earl A. Anzai.

Lisa Woods Munger, Ellen Cirangle Goodsill Anderson Quinn & Stifel, Honolulu, HI, Robert Middelstaedt, Caroline Mitchell, Pillbury Winthrop LLP, San Francisco, CA, for Chevron Corp., Chevron USA, Inc.

Mark Bennett, McCorrison Miller Mukai MacKinnon LLP, Honolulu, HI, Alan Grimaldi, Charles Engel, III, Washington, DC, Dale J. Giali, Los Angeles, CA, for Texaco Inc., Texaco Refining and Marketing, Inc.

Dale Lee, Kobayasji Sugita & Goda, Honolulu, HI, Bradley Phillips, William Temko, Stuart Senator, Andrew Finch, Munger Tolles & Olson, LLP, Los Angeles, CA, for Shell Oil Co., Shell Oil Products Co.

Gary Grimmer, Carlsmith Ball, Honolulu, HI, Harold Collins, Blecher & Collins, P.C., Los Angeles, CA, virginia Grogan, Douglas McCormick, Latham & Watkins, Costa Mesa, CA, for Tosco Corp.

John Myrdal, Stanton Clay Chapman Crumpton & Iwamura, Honolulu, HI, Ernest I. Reveal, Robins Kaplan Miller & Ciresi, Cost Mesa, CA, for Union Oil Co. of California, Unocal Corp.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SAMUEL P. KING, District Judge.

### INTRODUCTION

Plaintiff Earl Anzai, as *Parens Patriae* for the Natural Persons Residing in Hawaii and on behalf of the State of Hawaii ("the State"), moves for partial summary judgment seeking an interpretation of Haw.Rev.Stat. § 480–24(a), which provides:

> (a) Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues, except as otherwise provided in subsection (b) and section 480–22. *For the purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation.* (emphasis added)

Specifically, the State asks this Court to find as a matter of law that, *if* it establishes a "continuing violation," it would be entitled to seek provable damages under the State unfair competition statute, Haw. Rev.Stat. § 480–2, caused by that continuing violation occurring before October 1, 1994 (i.e., more than four years before commencement of this action.) For the reasons set forth to follow, the Court GRANTS the State's Motion for Partial Summary Judgment.

### BACKGROUND

This antitrust suit was filed on October 1, 1998.[1] The State basically asserts that Defendants, through a series of illegal agreements, conspired to allocate retail gasoline market shares in Hawaii so as to fix retail gasoline prices at uncompetitive levels. The State alleges that this past and ongoing behavior violates federal and state law. It seeks, among other things, (1) damages under federal antitrust statutes, and Chapter 480 of the Hawaii Revised Statutes, and (2) an injunction prohibiting future price-fixing.

Because the antitrust conspiracy has allegedly been in existence since or before 1989, and because the State officially in-

---

1. The Complaint has been amended twice. The Second Amended Complaint—which among other things, added allegations of fraudulent concealment—was filed on July 23, 1999.

vestigated some or all of the Defendants in 1989 and 1994, the four-year statute of limitations set forth in 8 U.S.C. § 15b has played an important role in the litigation. Under the federal claims, if a "continuing violation" theory applies, the Court would likely apply the rule as stated in *Klehr v. A.O. Smith Corporation*, 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997):

> ... in a case of a "continuing violation," say a price fixing conspiracy that brings about a series of unlawfully high priced sales over a period of years, "each overt act that is part of the violation and that injures the plaintiff," e.g., each sale to the plaintiff, "starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." ... *But the commission of a separate new overt act generally does not permit the plaintiff to recover for the injury caused by old overt acts outside the limitations period.*

*Id.* at 189–90, 117 S.Ct. 1984 (citations omitted) (emphasis added).

Under *Klehr* —absent some sort of tolling, fraudulent concealment or estoppel— there apparently can be no recovery under federal law for damages over four years old (i.e., over four years prior to the State's filing suit). If Haw.Rev.Stat. § 480–24(a) allows recovery of such damages for similar violations of state law, it would be inconsistent with *Klehr* and its interpretation of federal law. Notably, chapter 480 is broader in some material aspects than the federal antitrust statutes. *See, (e.g., Robert's Waikiki U–Drive, Inc. v. Budget Rent–A–Car Systems, Inc.*, 491 F.Supp. 1199, 1226 (D.Haw.1980)). In short, the State could ultimately benefit if section 480–24(a) has a different interpretation from similar provisions, if any, of federal law. Likewise, the Defendants could ultimately benefit if it were interpreted consistently with federal law.

## DISCUSSION

### I.

█ Initially, the Defendants argue that the State's motion is procedurally improper. They contend that the State raises a purely legal question on hypothetical damages and a ruling would be akin to an advisory opinion. *See Kendall McGaw Laboratories, Inc. v. Community Memorial Hosp.*, 125 F.R.D. 420, 422 (D.N.J.1989) (denying summary judgment that sought "a legal 'what if' pronouncement of the appropriate standard by which [damage] calculations may, or may not, be made at some future date"). But surely this is not a purely hypothetical disagreement about the meaning of section 480–24(a). The Defendants have affirmatively pled a defense of a statute of limitations bar. Much of the pre-trial proceedings have focused on the State's knowledge of, and due diligence in pursuing, its causes of action. The fraudulent concealment issues have consumed much effort. Even if the statute of limitations is not before the Court with this motion, the issue whether the section 480–2 claims are *not* barred by statute of limitations is very real. It is necessary in facing statute of limitations issues to consider the effect section 480–24(a) has on the section 480–2 claims, including whether section 480–24(a) would permit damages for a continuing violation which allegedly began prior to October 1994 and allegedly continued into the applicable four-year period.

Moreover, the factual context is not hypothetical. The legal issue is considered in context of the fraudulent concealment allegations and proceedings. From the operative complaint's allegations, as well as the past discovery orders and appeals, the Court may assume, for purposes of this motion *only* (1) that there is or was a continuing violation, (2) that it continued into the applicable period (i.e., after October 1, 1994), and (3) that the State could

have brought suit earlier (i.e., before October 1, 1994). Even if the Court had before it conflicting evidence of these issues, any dispute as to the State's knowledge would be taken in favor of the Defendants. That is, the Court can assume for present purposes only (and without considering other possible defenses), that the damages are otherwise barred. The legal question then is whether Haw.Rev.Stat. § 480–24(a) allows damages for a continuing violation prior to October 1, 1994.

■ As this Court stated in *Disandro v. Makahuena Corp.*, 588 F.Supp. 889, 892 (D.Haw.1984), "[s]ummary judgment is available to decide [certain] purely legal issues." In *Disandro*, the Court decided a purely legal issue of the meaning of a statute, stating "[s]ummary Judgment can thus serve to set the issues for trial." *Id.* The Court's decision reasoned, "[t]his court now has before it parties who maintain conflicting and antagonistic positions on the meaning of a statute. The outcome of the dispute will have an immediate impact on the proofs to be offered at trial in support of the elements of the statutory causes of action." *Id.*

This case, like *Disandro*, involves parties with fundamentally different interpretations of a statute. Like *Disandro*, the ruling may "have an immediate impact on the proofs to be offered at trial." *Id.* Like *Disandro*, then, this is a proper motion even if the ruling will not entirely dispose of any one claim. The Court is squarely presented with a legal issue applicable to a very real factual situation. The motion is procedurally proper.

## II.

■ Again, the language of Haw.Rev. Stat. § 480–24 at issue is:

(a) Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues, except as otherwise provided in subsection (b) and section 480–22. *For the purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation.* (emphasis added)

At times, the Court in this order will refer to the emphasized phrase as "the key language." The State argues that the key language plainly allows recovery for damages occurring before October 1, 1994, if in fact there is a continuing violation. The Court agrees that the language plainly appears to permit recovery for the entire period of a continuing conspiracy. If a cause of action accrues "at any time during a period of a violation" which continues over a single period, the damages would also all accrue during that period. The Defendants, however, point out that the "plain" language of the statute deals only with accrual; the statute says nothing about damages.

Hawaii adopted section 480–24(a) in 1961. *See* Act 190, 1961 Haw.Sess.Laws 313; *See generally*, Legislative Reference Bureau, Rep. No. 8, *The Hawaii Antitrust Act* (1961). Eleven other states have subsequently adopted the same or substantially similar continuing violation provisions.[2]

2. *See* New Jersey Stat.Ann. § 56:9–14 ("For purposes of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of such violation") (effective May 21, 1970); Connecticut Gen. Stat.Ann. § 35–40 ("For purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation") (effective July 1, 1971); Minnesota Stat.Ann. § 325D.64 ("For the purposes of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of the violation"); Maryland Code Ann.Comm.Law § 11–209(c)(2) ("For purposes of this subsection, a cause of action for a continuing violation accrues at the time of the latest violation"); Alaska Statutes 45.50.588 ("For purposes of

However, apparently no state appellate court from either Hawaii or any of those eleven other states has yet issued a published opinion interpreting the key language. The State here relies in part on an Alaska superior court decision interpreting the Alaska statute so as to allow damages for the entire period of a continuing conspiracy. *See Alakayak v. All Alaska Seafoods, Inc.,* Case No. 3AN–95–4676CI, Ruling of Law on AS 45.50.588 The Statute of Limitations Applicable to Antitrust Cases (Alaska Super.Ct., April 28, 1999) ("The four year statute of limitations does not begin to run on any claims arising out of a conspiracy until the last act in furtherance of the conspiracy is completed. Accordingly, the plaintiffs can recover damages that occurred more than four years before the filing of the complaint."). That decision is now on appeal to the Alaska Supreme Court.

Both parties argue over the meaning of this Court's language in *Robert's Waikiki U–Drive, Inc. v. Budget Rent–A–Car Systems, Inc.,* 491 F.Supp. 1199 (D.Haw.1980), *aff'd,* 732 F.2d 1403 (9th Cir.1984). *Robert's Waikiki* was an antitrust case concerning a series of airline-rental car "fly-drive" agreements which occurred both before and after December 16, 1972—four years before suit was filed. The decision indeed dealt, in part, with the key language at issue here. Ultimately, however, the decision's discussion regarding 480–24(a) is itself ambiguous and it did not definitively decide the damages issue. The State points to the following:

> Because the Court views the fly-drives as an alleged continuing violation of § 480–2, see Haw.Rev.Stat. § 480–24(a), and also because the Court views the federal rule cited by the defendant as not applicable to these facts, the cause of action based on fly-drives that took place after December 16, 1972 is not barred by the statute of limitations.

> As for fly-drives prior to that date, the Court believes § 480–24 may still control. If read literally, the statute allows the limitations period for all acts to begin running from the date of the last act, if the violation is a continuing one. Since the alleged acts of unfair competitions are the fly-drives themselves, as well as the fly-drive agreements, the alleged violation here continued past December 16, 1972. Nevertheless, the Court does not foreclose further argument on this point.

*Id.* at 1229. On this issue, the Court summarized:

> To the extent that plaintiffs can show a continuing violation of § 480–2, or fraudulent concealment of a § 480–2 violation, *they can recover provable damages*

this section, a claim for a continuing violation is considered to accrue at any time during the period of the violation"); Nevada Rev.Stat. Ann. § 598A.220.3 ("For the purpose of this section, a cause of action for a continuing violation arises at any time during the period of such violation"); West Virginia Code § 47–18–11 ("For the purpose of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of such violation"); Delaware Code tit. 65, § 2.111 ("For purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of such violation"); New Mexico Stat. Ann. § 57–1–12C ("For the purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation"); Rhode Island Gen.Laws § 6–36–23 ("For the purposes of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of the violation"); Texas Bus. & Com.Code Ann. § 15.25(a) ("For the purpose of this subsection, a cause of action for a continuing violation is considered to accrue at any and all times during the period of the violation").

*caused by fly-drives that took place prior to December 16, 1972.*

*Id.* (emphasis added).

The highlighted language is directly on point. Defendants stress, however, that the language was dicta because the issue before the Court was whether the statute of limitations barred the entire claims, not whether damages were recoverable for that period. *Robert's Waikiki,* so the Defendants argue, found that a continuing violation allows the claims (i.e., they are not barred), but did not directly address whether damages were allowable for the entire period of a violation. Defendants point to the following language:

> Regardless of whether plaintiffs knew of their cause of action as to some fly-drives before this date, each new fly-drive was an alleged new act of unfair competition or a new unfair trade practice, and hence as each fly-drive occurred, *a new cause of action accrued.*

*Id.* at 1227 (emphasis added).

> Since the fly-drives are alleged to have been a continuing violation, the Court believes that at least insofar as post December 16, 1972 fly-drives are concerned the statute of limitations is no bar.

*Id.* at 1228.

Defendants' position is that the holding in *Robert's Waikiki* is actually consistent with their position here—that the key language of Haw.Rev.Stat. § 480–24(a) means only that continuing violations are not barred by the statute of limitations even if they occurred outside the limitations period. If, the Defendants argue, at each fly-drive "a new cause of action accrued" then the damages would be limited to the four-year period prior to suit.

Defendants point out that, although the legislative history is sparse, the history clearly indicates that federal interpretations of comparable federal antitrust laws should guide interpretations of Hawaii's

provisions. Indeed, Haw.Rev.Stat. § 480–3 specifically provides:

> This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes, *except that lawsuits by indirect purchasers may be brought as provided in this chapter.* (emphasis added).

The Defendants point to the highlighted exception, contending that it indicates that the Legislature knew how specifically to exclude something from the presumption that federal authority should control. If the Legislature wanted to exclude federal interpretations of "continuing violations" from the presumption, it could have said so. This is basically the doctrine "expressio unius est exclusio alterius." *See Korean Buddhist Dae Won Sa Temple v. Sullivan,* 87 Hawai'i 217, 233, 953 P.2d 1315, 1332 (1998) ("the mention of one thing implies the exclusion of another"). The doctrine, however, is certainly not absolute. *See id.* at 234, 953 P.2d at 1333.

The State responds correctly by noting that there is no federal counterpart to section 480–24(a) and thus the argument is essentially irrelevant. *See also Island Tobacco Co. v. R.J. Reynolds Tobacco Co.,* 63 Haw. 289, 299, 627 P.2d 260, 268 (1981) (commenting that while state provisions are judged consistently with federal antitrust statutes, "we do not suggest that all federal rulings will be blindly accepted; they will, as contemplated by the legislature, serve primarily as 'guides' to the interpretation and application of state law 'in light of the economic and business conditions of this State' "), *overruled on other grounds, Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., Inc.,* 91 Hawai'i 224, 982 P.2d 853 (1999).

■ Further, to the extent the legislature could have said something specific about continuing violations, it did exactly that by the key continuing violation lan-

guage at issue in this motion. The legislature *amended* section 480–24 in 1989 by adding specific tolling provisions for other situations, but it left untouched the key language regarding the continuing violation. By 1989 when the statute was amended, the federal interpretation as set forth in *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (holding that a new cause of action accrues at each new overt act of the continuing violation, although damages are limited to four years) was well-known. Had the Hawaii Legislature intended to follow federal interpretations on this point, the State argues, it could have changed the language of the Hawaii statute and it obviously did not do so. Other maxims of statutory construction apply: "The legislature is presumed to know the law when enacting statutes." *Agustin v. Dan Ostrow Constr. Co., Inc.*, 64 Haw. 80, 83, 636 P.2d 1348, 1351 (1981). "Courts will not presume an oversight on the part of the Legislature where such presumption is avoidable." *Reefshare, Ltd. v. Nagata*, 70 Haw. 93, 98, 762 P.2d 169, 173 (1988).

The Defendants point out that the federal law in 1961 was unsettled regarding the effect of a continuing conspiracy outside the limitations period. Defendants cite pre–1961 case law from the Fifth Circuit for the proposition that a continuing conspiracy accrues upon the first wrongful act. *See Crummer v. DuPont*, 223 F.2d 238, 247–248 (5th Cir.1955) ("The theory of the district court and of the appellees ... is that a cause of action accrues upon, and limitation commences to run from, the doing of the first wrongful act with resulting damages.... We find ourselves in full agreement with appellees' theory"); *cf. Garelick v. Goerlich's, Inc.*, 323 F.2d 854, 855 (6th Cir.1963) (same but decided after enactment of chapter 480). Other circuits apparently interpreted a continuing conspiracy as is done now under federal law.

*See Foster & K. Co. v. Special Site Sign Co.*, 85 F.2d 742, 751 (9th Cir.1936). The United States Supreme Court ultimately chose the latter approach in *Zenith* in 1971, which was ten years after Hawaii adopted section 480–24(a).

Defendants thus argue that Hawaii was simply making clear in section 480–24(a) that it would follow those jurisdictions that would not completely bar an antitrust claim with the first overt act occurring outside the limitations period; it was choosing the rule that the Supreme Court ultimately adopted in *Zenith*. In this regard, the parties have disputed whether the pre-*Zenith* and pre–1961 split was actually between different rules for criminal and civil conspiracies. *See Park–In Park–In Theatres v. Paramount–Richards Theatres*, 90 F.Supp. 727, 729 (D.Del.1950); *Momand v. Universal Film Exchanges*, 172 F.2d 37, 49 (1st Cir.1948).

While either of these theories is plausible, ultimately they do not definitively answer the question before the Court. There is no legislative history specifically stating an intent to adopt a particular circuit's rule one way or the other. However, after very useful supplemental briefing by both sides, we know some important background of the Hawaii statute.

In adopting the Hawaii Antitrust Act in 1961, Hawaii was at the forefront of state antitrust legislation. *See* Edward Kemper, *Hawaii's Section Five of the FTC Act: The Ubiquitous Antitrust Law*, VI Haw. Bar J. 5–6 (April 1969). Hawaii's statute was adopted from a version of a model antitrust statute drafted by Professor Sho Sato, a professor of law at the University of California at Berkeley. *See* H.R.Stand. Comm.Rep. No. 97, 1st Leg., Reg.Sess. (1961), *reprinted in* 1961 Haw. House J. at 687 ("the model antitrust statute drafted by Professor Sato was incorporated in H.B. 27"). That model statute contained

the key language "a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation."

Hawaii's Legislature also considered other model statutes. *See id.* at 688 ("The Committees have also considered antitrust statutes of several states, as well as the state antitrust law handbook published by the National Conference on Consumer and Investor Protection"). The Legislature had also apparently considered a version of a state antitrust law proposed by the United States Department of Justice. *See* Exh. B to State's Supplemental Memorandum of August 10, 2001 ("The Proposed Act Hawaii Antitrust Law," enclosure to March 9, 1961 letter from W. Wallace Kirkpatrick, Assistant U.S. Attorney General, Antitrust Division, to Shiro Kashiwa, Attorney General State of Hawaii) (available at the Hawaii State Archives). Those versions contained a proposed four-year statute of limitations, but without any "continuing violation" language.

■ Thus, at minimum, we know that Hawaii's choice of the key language was conscious. It chose the key language for some reason and this Court (especially a federal court interpreting a state statute) cannot ignore the language. So, ultimately, the Court bases its decision on the maxim that "Courts are bound to give effect to all parts of statute, and no clause, sentence, or word shall be construed as superfluous, void, or insignificant if construction can be legitimately found which will give force to and preserve all words of statute" *Keliipuleole v. Wilson,* 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997) (quotation and citations omitted).

Interpreting Haw.Rev.Stat. § 480–24(a) as Defendants assert would render the key language superfluous. If there is a "continuing violation," by definition the violation continues into the limitations period. The cause of action for a continuing violation would not be barred in any event. By including language regarding when such a cause of action accrues ("at any time during the period of the violation"), the statute allows damages that accrued "at any time" during that period. Such damages would be for the entire period of the violation. Moreover, such a reading is consistent with this Court's reasoning, albeit in dicta, in *Robert's Waikiki. See* 491 F.Supp. at 1229 ("To the extent that plaintiffs can show a continuing violation of § 480–2, or fraudulent concealment of a § 480–2 violation, *they can recover provable damages caused by fly-drives that took place prior to December 16, 1972* ").

Accordingly, the State is entitled to a ruling that, if it proves a "continuing violation," it would be entitled to seek provable damages for the entire period of the continuing violation. This could include damages that might have occurred prior to the four years before the suit was filed, if the continuing violation occurred during that period.

The Court offers no opinion on the meaning of "continuing violation" and nothing in this Order should suggest that it has been decided as a matter of fact that there is or was an actual "continuing violation." Furthermore, this ruling is strictly an interpretation of the statute; the Court has not considered or ruled out any other possible defenses to a section 480–2 cause of action.[3]

### CONCLUSION

For the foregoing reasons, the State's Motion for Partial Summary Judgment re-

---

**3.** The Court is aware of Defendants' arguments regarding the State's alleged knowledge of a cause of action and lack of due diligence in bringing suit. Such arguments, however, are not relevant towards the Court's legal interpretation of the meaning of the key language of Haw.Rev.Stat. § 480–24(a).

garding the effect of Haw.Rev.Stat. § 480–24(a) is GRANTED.

IT IS SO ORDERED.