685 F.2d 209
 Howard M. FLORA and Virginia Flora, Plaintiffs-Appellants,
v.
HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, et al.,
Defendants-Appellees.
HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Counter-Plaintiff-Appellee,
v.
Howard M. FLORA, doing business as Flora Construction
Company, Counter- Defendant.
 No. 81-2912.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 14, 1982.
Decided Aug. 9, 1982.
 
 John J. Henely, Cooney & Stenn, Chicago, Ill., for plaintiffs-appellants.
 Cornelius F. Dore, Dore & Clark, Chicago, Ill., for defendants-appellees.
 Before ESCHBACH, POSNER and COFFEY, Circuit Judges.
 COFFEY, Circuit Judge.
 
 
 1
 In this case we are asked to decide whether Howard Flora, a sole proprietor who (1) contracted with Home Federal Savings and Loan Association to work on a building it owned and (2) was injured while doing the work, could continue to maintain an Illinois Structural Work Act action against Home Federal, after Flora's sole proprietorship, Flora Construction Company, was found to have been the active tortfeasor and thus responsible for indemnifying Home Federal for any liability under the Act. We conclude that, because Flora and his sole proprietorship are a single legal entity for purposes of the Structural Work Act, it was in fact Flora who was charged with liability, and thus he could not continue to maintain the action.
 
 
 2
 The events giving rise to this appeal are as follows. The plaintiff, Howard Flora, doing business as the Flora Construction Company, was engaged as a contractor in a project at the offices of the defendant, Home Federal Savings and Loan Association. During the course of the project, Flora directed several of his employees to erect scaffolding at the job site. Subsequently, while working on the scaffolding his men had erected, Flora fell and sustained injuries. As a result, the plaintiffs (Flora and his wife) brought this diversity action against the owner of the building and the architects of the project, charging them with wilful violations of the Structural Work Act, Ill.Rev.Stat. ch. 48, par. 60 et seq.[1] The defendants filed counterclaims against Flora seeking indemnification for any liability. On October 29, 1981, the court granted the defendants' motions for summary judgment on the counterclaims, finding that "Flora was responsible for his own injuries." Further, on November 10, the court, acting sua sponte after a review of the "amended complaint and all the other pleadings," dismissed the action.
 
 
 3
 In this appeal the plaintiffs do not contest the district court's grant of summary judgment on the indemnification counterclaims.[2] Rather, they challenge the subsequent step taken by the court: sua sponte dismissal of the entire action. The plaintiffs object to that disposition on two grounds: first, that there was no substantive basis for the court's dismissal; and second, that the court's sua sponte action was not proper under the Federal Rules of Civil Procedure and thus unfair.
 
 
 4
 * The plaintiffs' initial challenge to the court's dismissal is based on the premise that Flora has a "dual capacity" for purposes of the Act; that even though he is responsible, doing business as Flora Construction Company, for indemnification as an "employer," he cannot be barred from bringing an action as an "employee," see Palier v. Dreis & Krump Mfg. Co., 81 Ill.App.2d 1, 225 N.E.2d 67 (1st Dist. 1967) (an indemnification action under the Act may not run against an "employee"). This argument is an extrapolation from the district court's suggestion, in its order permitting the owner's counterclaim, that Howard Flora (the sole proprietor) and Flora Construction Company (the sole proprietorship) are separate legal entities. We hold, however, that regardless of whether such a bifurcation was justified for procedural purposes, it is meaningless under the substantive terms of the Act.
 
 
 5
 In Brown v. Shipman, 89 Ill.App.3d 162, 44 Ill.Dec. 447, 411 N.E.2d 569 (4th Dist. 1980), the Appellate Court of Illinois rejected an individual contractor's assertion that he was making his claim under the Act as an "employee," but defending against the owner's counterclaim in his capacity as an "employer." Rather, the court viewed the contractor as a single legal entity, and, from that perspective, found that "his status as a contractor placed upon him special obligations" to which a normal employee (such as the plaintiff in Palier) is not subject, and thus that he was not " 'a protected person within the meaning of the Act.' " 89 Ill.App.3d at 166, 44 Ill.Dec. at 450-451, 411 N.E.2d at 572-73. Such treatment is equally applicable to Flora. Although he employs other individuals through the Flora Construction Company, nevertheless as a sole proprietor he is personally responsible for both the profits and liabilities of that business. See, e.g., Glassmeyer v. Glassmeyer, 131 Ill.App.2d 419, 268 N.E.2d 251 (1st Dist. 1971) (profits); Miller v. Simon, 100 Ill.App.2d 6, 241 N.E.2d 697 (1st Dist. 1968) (liability for trespass). He is not his own employee. Brown v. Shipman, 89 Ill.App.3d at 165, 44 Ill.Dec. at 450, 411 N.E.2d at 572. Rather, he and his business are a single legal entity for purposes of the Structural Work Act; and, as such, it was Flora himself who was in charge of the work and the active tortfeasor in this incident. Thus he was not "a protected person within the meaning of the Act" at the time of his injury.
 
 
 6
 This conclusion provided a clear substantive basis for the district court's dismissal of Flora's claim of entitlement under the statute.[3] It does not, however, remove the protection of the Act from one who is injured while working for a separate legal entity that is eventually found to be responsible for the injury. In such a case, the injured party is not personally in charge of the work and not personally liable. Rather, the responsible party is the separate legal entity, whether that entity be another individual, a corporation, or even a partnership to which the injured person is party. See National Oats Co. v. Volkman, 29 Ill.App.3d 298, 330 N.E.2d 514 (5th Dist. 1975). Our holding applies only to an individual who, though injured, is also (1) personally in charge of the work and (2) the active tortfeasor, and thus ultimately personally liable under the Act.
 
 B
 
 7
 The plaintiffs' second challenge is to the means by which the district court applied its substantive conclusion; that is, by dismissing the action sua sponte. We find no infirmity in the court's response.
 
 
 8
 Although not designated as such, the court's order in effect was a judgment on the pleadings. Fed.R.Civ.P. 12(c). Such a disposition is appropriate when, "after the pleadings are closed,"[4] a court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. Friedman v. Washburn Co., 145 F.2d 715, 717 (7th Cir. 1944). For purposes of determining whether a material issue of fact exists, uncontested allegations to which a party had an opportunity to respond are taken as true.
 
 
 9
 In this case the pleadings revealed: (1) that at the time of his accident Flora was working as a contractor; and (2) that the scaffolding involved in the occurrence had been constructed and erected by his employees. Based on those facts and the rule that a contractor personally in charge of the work who proximately causes injury to himself is not a protected person under the Structural Work Act, it necessarily followed that Flora and his wife could not recover on their claim. Thus the district court's dismissal was proper. See Pofe v. Continental Ins. Co. of New York, 161 F.2d 912 (7th Cir.), cert. denied, 332 U.S. 824, 68 S.Ct. 164, 92 L.Ed. 399 (1947). (Because a claim and counterclaim arose out of identical transactions, it was proper for the court, after determining that the defendant was entitled to judgment on the counterclaim, to enter a judgment on the pleadings dismissing the complaint.) Further, because both parties had an opportunity to be heard on the legal issue in this case (during the contested hearing on the summary judgments), the court's response was not undermined by the fact that it was made sua sponte. Cf. Tamari v. Bache & Co. (Lebanon) S.A.L., 565 F.2d 1194, 1198 (7th Cir. 1977), cert. denied, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978). (A sua sponte dismissal for failure to state a claim is justified if there is a sufficient basis for the court's action apparent from the pleadings.) As this court recently explained in Caruth v. Pinkney, 683 F.2d 1044, No. 79-2166 (7th Cir. July 13, 1982), the proper administration of justice requires that a trial judge have substantial control over the proceedings before him. "A judge acts not as a mere moderator, but as the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities inherent in the adversary process. Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976)." Id., 683 F.2d at 1051. In this case the trial judge certainly did not abuse his discretion in determining that, in light of his grant of summary judgments to the defendants, there were no grounds on which to continue this litigation.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The plaintiffs also alleged counts of negligence and loss of consortium. In this appeal, however, they do not contest the district court's disposition as it relates to those claims
 
 
 [2]
 The plaintiffs concede: (1) that employees of Flora Construction Company erected the scaffolding at issue; (2) that under the Structural Work Act "one who builds and erects (a) scaffold which causes injury ... is the active tort-feasor" as compared to one who simply fails to inspect it, Nogacz v. Proctor & Gamble Manufacturing Co., 37 Ill.App.3d 636, 647, 347 N.E.2d 112, 120 (1st Dist. 1975); and (3) that an owner has a right for indemnity under the Act against a contractor if that contractor's fault is the active proximate cause of his injury and the owner's fault is only a passive one, Brown v. Shipman, 89 Ill.App.3d 162, 44 Ill.Dec. 447, 411 N.E.2d 569 (4th Dist. 1980)
 
 
 [3]
 Although the court in Brown was reviewing only an order dismissing a counterclaim, and thus its specific holding only "indirectly" nullified Brown's cause of action, the court's rationale clearly can be transposed to a case such as this when the original cause of action is "directly" at issue
 
 
 [4]
 Fed.R.Civ.P. 7(a) prescribes when the pleadings are closed. In a case such as this when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply. 2A Moore's Federal Practice P 12.15 (2d ed. 1982)