919 F.2d 143
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff,
v.
2900 NORTH HICKORY, McHENRY, ILLINOIS, Defendant.
Appeal of Lawrence E. BRODIN, Claimant.
 No. 89-3655.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 26, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Brodin brings this appeal seeking relief from the district court's order granting the government's Rule 12(c) motion for judgment on the pleadings. Fed.R.Civ.P. 12(c). Additionally, Brodin contends that the district court erred in denying his motions to vacate and for reconsideration. For the reasons stated below we affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 On August 22, 1989, the United States filed a complaint under 21 U.S.C. Sec. 881(a) seeking forfeiture of the property located at 2900 North Hickory in McHenry, Illinois. The complaint alleges that a search of the property, executed pursuant to a warrant, yielded 270 grams of marijuana, 32 grams of cocaine, a .38 revolver, and numerous boxes filled with United States currency and coins. After an ex parte hearing, the district court issued an order of probable cause to seize the property. Process issued against the property on August 23, 1989.
 
 
 3
 Lawrence Brodin filed an answer and a claim for remission on September 20, 1989. The answer admitted each allegation of the government's complaint. In response, on October 4, 1989 the United States filed a motion for judgment on the pleadings. Fed.R.Civ.P. 12(c). The government gave the plaintiff's attorney notice of the motion by mail. The motion stated that the claimant's answer failed to raise any recognized affirmative defenses, while admitting all of the government's allegations.
 
 
 4
 The motion was called on October 13, 1989. Before the motion was called, claimant's counsel informed counsel for the government that he could not attend the hearing on that day. He requested that the government inform the district court of his unavailability and of his wish for more time to respond to the Rule 12(c) motion. The government's attorney did as requested and voiced no objection to a possible extension.
 
 
 5
 However, after reviewing the claimant's answer and the government's motion, the district court granted the motion for judgment on the pleadings. The court stated, in open court, that it would consider a motion for reconsideration if the claimant decided to file one (TR. at 3). A decree of forfeiture was entered on October 17, 1989. The district court's decree notes that the claimant's answer admitted all the factual allegations of the government's complaint and presented no affirmative defenses.
 
 
 6
 Claimant attempted to file a motion to vacate the judgment of forfeiture on October 24, 1989. The district court struck the claimant's motion for improper notice. Additionally, the court noted in its order that the motion to vacate failed to present a meritorious defense.
 
 
 7
 In response to the court's action, claimant filed a motion for reconsideration on November 2, 1989. The motion was called in open court on November 2, 1989. At the hearing, the court once again informed the claimant that his motion, like his answer, was deficient in that it raised no affirmative defense to the forfeiture action. After informing the claimant of the deficiency in his motion, the court granted claimant more time to file a memorandum in support of his motion for reconsideration. When he filed this memorandum, the claimant, for the first time, requested leave to file the affirmative defense of no knowledge or consent. The claimant did not give any explanation for his failure to file a timely affirmative defense. The district court denied the claimant's motion for reconsideration on November 21, 1989. Claimant timely appealed the district court's order granting judgment on the pleadings and the court's denial of his motions to vacate and for reconsideration.
 
 ANALYSIS
 1. Judgment on the Pleadings
 
 8
 A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is considered under the same standards as Rule 12(b)(6) motions to dismiss. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989). Accordingly, judgment on the pleadings is not appropriate unless it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. Id. In reviewing a motion for judgment on the pleadings this court views all facts in the light most favorable to the non-movant. National Fidelity Life Insurance Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987). Additionally, in considering a Rule 12(c) motion, the court may not look beyond the pleadings and all uncontested allegations that the parties had an opportunity to respond to are taken as true. Flora v. Home Federal Savings and Loan Ass'n, 685 F.2d 209 (7th Cir.1982).
 
 
 9
 In this appeal, even when viewing the facts in the light most favorable to the claimant, as we must, we agree with the district court that judgment on the pleadings was proper.[1] Here the district court, at the ex parte hearing, found that the government satisfied its burden of establishing probable cause to institute forfeiture proceedings.[2] In forfeiture actions once the government establishes probable cause, the burden then shifts to the claimant to show, by a preponderance of the evidence that the property was not subject to forfeiture. United States v. Edwards, 885 F.2d 377, 390 (7th Cir.1989). In essence, the claimant, through an affirmative defense or otherwise, must offer proof that his residence was not "used, or intended to be used, ... to commit, ... a violation...." of 21 U.S.C. Sec. 881. Id.
 
 
 10
 Here the claimant failed to meet his burden. Instead of rebutting the government's complaint, the claimant's answer admitted every allegation in the complaint. The claimant's bare assertion that the items seized did not warrant forfeiture of his residence is not enough to satisfy his burden. Moreover, the claimant did not raise any affirmative defenses such as lack of knowledge or innocent ownership to rebut the governments assertions.
 
 
 11
 We cannot characterize the claimant's statement in his answer that forfeiture was not warranted as an affirmative defense. Nor can this court find that the affirmative defense of innocent ownership was implicit in the claimant's answer. Affirmative defenses must be pleaded in conformity with Federal Rule of Civil Procedure 8(c). Ft. Howard Paper Co. v. Standard Havens Inc., 901 F.2d 1373 (7th Cir.1990), reh'g denied, (7th Cir.1990) (Lexis, Genfed library, App file). Rule 8(c)'s main purpose is to insure notice to the opposing party of any additional issues that may arise at trial so that the party is able to adequately litigate such issues. Id. at 1377 (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971)).
 
 
 12
 In terms of this case, Rule 8(c) requires that the claimant's answer put the government on notice that he intended to rely on a defense. Fort Howard Paper Co., 901 F.2d at 1377. We hold that the claimant's answer failed to meet the requirements of Rule 8(c). As noted earlier the answer simply states that the items seized did not warrant forfeiture. This statement is hardly sufficient to put the government on notice that the claimant intended to plead the defense of innocent ownership of the forfeited property. Id. Accordingly, we agree with the district court that judgment on the pleadings is proper.
 
 2. Motion to Vacate
 
 13
 Brodin's second argument is that the district court erred in denying his motion to vacate the forfeiture decree. Our review of a district court's order denying a motion to vacate a judgment is limited to a determination of whether the district court abused its discretion in denying the motion. Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir.1990). We characterize any substantive motion to alter or amend the judgment, served within ten days of the entry of judgment, as a motion under Federal Rule of Civil Procedure 59(e). Charles v. Daley, 799 F.2d 343 (7th Cir.1986). Brodin's motion will be so considered. Rule 59(e) motions are designed to enable the district courts to correct errors of law. Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986). Rule 59(e) motions were not created to allow the parties to relitigate matters already disposed of. Id. As such the Rule 59(e) movant "must clearly establish either a manifest error of law or must present newly discovered evidence." Id.
 
 
 14
 Here, the claimant's motion to vacate simply asserted that counsel had an agreement with the government to reschedule the hearing on the motion for judgment on the pleadings and that the claimant has a meritorious defense. In our view these bare assertions in the motion to vacate do not meet the standards for a Rule 59(e) motion. Therefore, we hold that the district court did not abuse its discretion in denying the claimant's motion to vacate the forfeiture decree.
 
 3. Motion for Reconsideration
 
 15
 Lastly, the claimant argues that the district court erred in denying his Rule 60(b) motion for reconsideration. Once again our determination of whether the district court erred is governed by an abuse of discretion standard. Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596 (7th Cir.1989). Upon examination of the record and other relevant material, we do not find an abuse of discretion.
 
 
 16
 The grounds for filing of Rule 60(b) motion include mistake, inadvertence, excusable neglect, surprise, newly discovered evidence and other reasons set forth in the rule. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990). These grounds must be specifically set forward in the Rule 60(b) motion. Id. Once again the claimant's bare assertions fail to conform to the standard. The claimant's motion for reconsideration states no grounds upon which it might be granted.[3] Thus, the district court properly denied the claimant's motion for reconsideration.
 
 
 17
 Accordingly, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Claimant's argument that the district court's order amounted to a default decree is meritless. Here, the defendant was not deprived of notice or an opportunity to be heard. Moreover, at the time of the hearing, the claimant's attorney never gave an explanation for his inability to attend the October 13, 1989, hearing. Flora, 685 F.2d at 211 (sua sponte dismissal, of the entire action was characterized as a Rule 12(c) motion and held proper where parties given notice and an opportunity to be heard.)
 
 
 [2]
 It appears, although it is not clear, that the claimant, through his reliance on United States v. Twelve Thousand Five Hundred Eighty-Five & no/100ths Dollars ($12,585.00), 669 F.Supp. 939 (D.Minn.1987), argues that the government lacked probable cause to institute this forfeiture. However, as the government correctly notes the holding in $12,585.00 was reversed in United States v. Premises Known as 3639-2nd NE., 869 F.2d 1093, 1097 (8th Cir.1989). Moreover, it is well settled in this circuit that a "substantial connection" between the drugs and the realty is not necessary for purposes of establishing probable cause under 21 U.S.C. Sec. 881. United States v. One Parcel of Real Estate, 903 F.2d 490, 494 (7th Cir.1990), reh'g denied, (7th Cir.1990) (Lexis, Genfed library, App file). All the government needs to show, which the district court correctly found it did, is that the nexus between the drugs and the realty is more then accidental. Id
 
 
 [3]
 To the extent that the claimant appeals the district court's failure to allow him to amend his complaint to add an affirmative defense, we note that the claim is meritless. Leave to amend a pleading is not automatic once a judgment has been entered in a case. Twohy v. First Nat. Bank, 758 F.2d 1185, 1196 (7th Cir.1985). A Post-judgment amendment can be had only with "leave of court" and after a successful 59(e) or 60(b) motion. Id. Here, both of the claimant's motions failed, thus he is not entitled to amend his complaint. Id