In re Timothy J. SORCI, Debtor.

Gina B. Krol, not individually, but as Trustee for the Estate of Timothy J. Sorci, Plaintiff,

v.

North Shore Holdings, Ltd., successor by assignment to Bank One, N.A., Defendant.

Bankruptcy No. 03 B 43149.
Adversary No. 04 A 01867.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 30, 2004.

Linda M. Kujaca, Cohen & Krol, Chicago, IL, for Plaintiff.

Barbara J. Dutton, Dutton & Dutton, Frankfort, IL, for Defendant.

Gina B. Krol, Chicago, IL, trustee.

## *MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Gina B. Krol, the Chapter 7 trustee (the "Trustee") for the estate of Timothy J. Sorci (the "Debtor") for judgment on the pleadings pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(c). For the reasons set forth herein, the Court denies the Trustee's motion.

## I. *JURISDICTION AND PROCEDURE*

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).[1]

---

1. In its answer, North Shore Holdings, Ltd. denies that the Court has jurisdiction to hear this matter and that this is a cause of action arising under 11 U.S.C. § 506. The Court wholly disagrees with this position. 28 U.S.C. § 157(b)(2) states that core proceedings, over which the Court has jurisdiction, include matters concerning the administration of the estate, determinations of the validity, extent, or priority of liens, and other pro-

## II. FACTS AND BACKGROUND

On October 23, 2003, the Debtor filed a voluntary Chapter 7 bankruptcy petition. Thereafter, on March 24, 2004, the Trustee filed the instant adversary proceeding. In her complaint, the Trustee alleges that prior to filing bankruptcy, the Debtor and his spouse owned real property located at 403 Virginia Street, Bensenville, Illinois (the "Property"). Compl. at ¶ 5. According to the Trustee, the first mortgage on the Property was held by Fifth Third Bank, successor by merger to Old Kent Mortgage Company ("Fifth Third"). *Id.* The Trustee further alleges that the second mortgage on the Property was held by North Shore Holdings, Ltd., successor by assignment to Bank One, N.A. ("North Shore"). *Id.*

On June 20, 2003, Fifth Third obtained a judgment of foreclosure and sale in the Circuit Court for the Eighteenth Judicial District, DuPage County, Illinois. *Id.* at ¶ 6. According to the Trustee, the Property was sold on November 26, 2003 to a third party purchaser without knowledge of the Debtor's bankruptcy filing. *Id.* The proceeds of the sale satisfied Fifth Third's judgment and lien and resulted in a surplus of $25,549.68. *Id.* On December 5, 2003, North Shore filed a petition to intervene in the foreclosure proceeding. Pl.'s Mem. Supp. Mot. J. Pleadings, at 2. The state court granted North Shore's petition to intervene. *Id.*

On March 24, 2004, the Trustee filed the instant complaint to determine the validity, priority and extent of North Shore's interest in the surplus funds pursuant to § 506 and § 541. The Trustee asserts that the surplus proceeds are property of the Debtor's estate pursuant to § 541. Compl. at ¶ 7. The Trustee contends that as a result of the foreclosure of the first mortgage on the Property, the second mortgage held by North Shore was extinguished as a lien upon the Property, thereby giving North Shore only an unsecured claim against the Debtor's estate.

North Shore denies the majority of the allegations in the complaint and has set forth several affirmative defenses.[2] The Court need not address these defenses for purposes of the present motion.

## III. APPLICABLE STANDARDS AND DISCUSSION

■ Federal Rule of Civil Procedure 12(c), which is incorporated by reference in

ceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A), (K) and (O). Certainly, the Trustee's complaint, which invokes 11 U.S.C. § 506 and 11 U.S.C. § 541 and seeks to determine the estate's interest in certain proceeds from the judicial sale of property in a foreclosure proceeding, would be considered a core proceeding over which the Court has jurisdiction.

**2.** The affirmative defenses are, summarized briefly: (1) that principles of equity and the Illinois Foreclosure Act govern the distribution of the surplus funds; (2) that it would be unfair for the Court to find North Shore not entitled to the surplus funds based on the fact that the confirmation of sale has extinguished its lien; (3) that under Illinois law, surplus funds from a judicial sale of foreclosed property stand in lieu of the property sold; (4) that this Court does not have jurisdiction and that the principles of *res judicata* and collateral estoppel prevent this Court from finding that North Shore is not entitled to the surplus funds; (5) that this Court is limited to determining whether the court that presided over the foreclosure abused its discretion in ordering that the surplus funds be applied to the payment of the second mortgage lien; and (6) if the Court finds that North Shore's lien has been extinguished, the Court should also find that the Debtor has effectuated a fraud upon North Shore by not providing it with timely notice of the Debtor's bankruptcy petition, and should therefore find the debt non-dischargeable.

Federal Rule of Bankruptcy Procedure 7012, provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R.Civ. P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.*[3] The Seventh Circuit has interpreted "the term 'written instrument' as used in Rule 10(c) to include documents such as affidavits, and letters, as well as contracts, and loan documentation." *Id.* at 453 (citations omitted). When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings. *Alexander v. City of Chicago*, 994 F.2d 333, 335 (7th Cir.1993); *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 817 (Bankr.N.D.Ill.1995). However, courts may consider documents incorporated by reference in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). Courts may also take judicial notice of matters of public record. *Id.* A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim. *Id.* at 1581. Pursuant to Rule 12(c), a motion for judgment on the pleadings is properly granted if the undisputed facts appearing in the pleadings, supplemented by any facts of which a court should take proper judicial notice, clearly entitle the moving party to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (*citing Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)). A moving party must clearly establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *Id.* *See also A.D.E. Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 396 (7th Cir.1984) (judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

For purposes of considering Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir.1997); *Nat'l Fid. Life*, 811 F.2d at 358 (*citing Republic Steel*, 785 F.2d at 177 n. 2). Courts are not bound, however, by legal characterizations contained in the pleadings. *Nat'l Fid. Life*, 811 F.2d at 358; *Republic Steel*, 785 F.2d at 183. When a written instrument incorporated in the pleadings contradicts allegations in the complaint, the exhibit "trumps the allegations." *N. Ind. Gun*, 163 F.3d at 454.

---

**3.** Pursuant to Federal Rule of Civil Procedure 10, made applicable by Federal Rule of Bankruptcy Procedure 7010, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R.Civ.P. 10(c).

Under the second sentence of Rule 12(c), a court may, if it chooses, consider matters outside the pleadings as if the motion were one for summary judgment. This alternative use of the Rule, however, provides that the motion cannot be granted if a genuine issue of material fact is presented under the summary judgment standards employed under Rule 56 and its bankruptcy analogue, Bankruptcy Rule 7056.

Here, the Trustee has failed to meet the requirements that would enable the Court to grant the present motion. The Trustee has not supplemented the motion with any facts of which the Court should take judicial notice. Rather, she has provided the Court with the barebones minimum of a motion for judgment on the pleadings; one that is inadequate and does not satisfy the burden under Rule 12(c). The Trustee has failed to provide any portion of the state court record, without which this Court cannot grant a judgment on the pleadings.[4] Further, the Trustee's failure to attach any pertinent documents supporting the present motion raises a red flag and causes the Court to question why this unsupported motion was filed. The Court finds such omissions fatal to the instant motion.

Even if the Court were inclined to rule in favor of the Trustee, which it is not,[5] it would be unable to do so based on the provided information (or lack thereof). In order for the Court to render such a ruling, it needs supplemental factual information in support of the Trustee's position. Based on the lack of information provided by the Trustee, the Court is unable to determine if the state court confirmed the foreclosure sale, and what disposition, if any, the state court made regarding North Shore's junior mortgage lien with respect to either the Property foreclosure or any sale proceeds thereof. Without such information, it is inappropriate for the Court to render judgment on the pleadings. The Court will not grant this motion in a vacuum. Further, it is ironic that the Trustee has gone as far as to cite the requirements for granting a motion under Rule 12(c), but then stopped so far short of meeting them. It is as though the movant has shown up for the game, but has forgotten to bring the ball.

4. The Court notes that through its own review of the case file, it has found attached to a motion in the Debtor's bankruptcy case, a copy of the North Shore mortgage and a state court order. The order appears to be a copy of a valid state court order, in case number 2003 CH 659 in the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois. The order reads in part "[t]hat North Shore Holdings, Ltd., by virtue of an assignment of mortgage has a good and subsisting lien on the subject premises, inferior & subordinate only to lien of Plaintiff in the amount of $34,298.33." Mot. to Annul Automatic Stay and to Compel Trustee to Abandon, Ex. B, Bankr. Case No. 03–43149. This information was not attached to the pleadings in this adversary proceeding, is not part of the pleadings for purposes of this motion, and is outside the scope of Rule 12(c). As such, the Court will not consider it here.

5. The Court notes that in her Memorandum in Support of the Motion for Judgment on the Pleadings, the Trustee relies on *In re Hutchins*, 162 B.R. 1014 (Bankr.N.D.Ill.1994), in support of her argument that because North Shore's lien was extinguished upon confirmation of the sale (a fact this Court has yet to be able to determine), it no longer has a valid lien and is therefore not a secured creditor of the estate. The Trustee misreads the law here. Even though the lien on the Property may have been extinguished, there exists a lien on the surplus proceeds of the foreclosure sale. *See* 735 ILCS 5/15–1501(e)(4). (West 2004). In *Hutchins*, there were no sale proceeds for the lien to attach to, and the court found that the lien was therefore extinguished. *Hutchins*, 162 B.R. at 1022. Thus, *Hutchins* is factually distinguishable from and inapposite to the matter at bar.

In addition, the Court must point out that North Shore has failed to timely respond to the Trustee's motion without any reason or justification. The Court sets briefing schedules in order to facilitate the orderly and timely management of its caseload. When parties choose to disregard such orders, they disrupt the efficiency with which all matters are resolved. "Adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions." *Bank of Am., N.A. v. Outboard Marine Corp. (In re Outboard Marine Corp.)*, 300 B.R. 308, 318 (Bankr.N.D.Ill.2003) (*quoting Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir.1996)). When settlement negotiations or agreements are the cause of failure to comply, it is the responsibility of the parties to inform the Court, whether it be by motion, appearance or even a courtesy call to chambers, rather than a complete and utter failure to comply with the Court's scheduling order. "Ignoring deadlines is the surest way to lose a case." *Id.* (*quoting United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994)). The Court will simply not tolerate such blatant disregard for its schedule and is well within its power to issue an order to show cause why North Shore should not be held in contempt for failure to comply with the briefing schedule.

Both parties are reminded that it is not the responsibility of the Court to behave "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991). While the court may, in its discretion, take judicial notice of matters of public record, it is not the responsibility of the court to scour the record to make a party's case for it. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir.1994). In this case, both the moving and non-moving parties' respective failures have made it impossible for the Court to render a judgment in this matter. The motion is denied.

## IV. *CONCLUSION*

For the foregoing reasons, the Court denies the Trustee's motion for judgment on the pleadings. Concurrently herewith, the Court enters its Final Pretrial Order setting this matter for trial on January 7, 2005 at 1:00 p.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.