### DEMING et al. v. TURNER et al.
#### Civil Action No. 28268.

District Court of the United States for the District of Columbia.

Nov. 26, 1945.

John U. Gardiner, of Washington, D. C., for plaintiffs.

George C. Gertman, of Washington, D C., for defendants.

HOLTZOFF, Justice.

This is an action to remove cloud on title.

The matter came on to be heard on a motion by the plaintiffs and the third-

party defendant, entitled "Motion for Summary Judgment on the Pleadings." It should be observed, however, that motions for summary judgment and motions for judgment on the pleadings are two distinct proceedings. The former are governed by Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On such an application, the moving party is not limited to the pleadings, but may bring in additional material, such as affidavits, depositions, admissions, and similar matters. Motions for judgment on the pleadings are regulated by Rule 12(c) and are determined solely on the pleadings. When such a motion is made by the plaintiff, it is equivalent to a demurrer to the answer. The motion in this case will be treated as a motion for judgment on the pleadings, which apparently it was intended to be.

The last pleading in the case is an amended complaint, to which no answer has been filed. Ordinarily, either an answer should be interposed to an amended complaint, or a stipulation should be made that the answer to the original complaint shall stand as the answer to the amended complaint. The fact that both parties presented this motion as though the original answer was responsive to the amended complaint, is equivalent to such an implied stipulation or a tacit acquiescence. The court will, therefore, proceed on the assumption that the answer to the original complaint is to be regarded as being also an answer to the amended complaint. The pertinent facts are pleaded at length in the answer, and, assuming the material allegations of fact in the answer to be true, the question is whether on these facts the plaintiffs are entitled to judgment.

This action involves the validity of a tax deed made by the Commissioners of the District of Columbia, dated December 3, 1937, and covering Lot 2 in Square 1079, in the city of Washington. The plaintiffs and the third party defendant are successors of the original owner of the property, as well as successors of the grantee named in the tax deed, which is based on an assessment for taxes for the year 1934. The defendant, J. Wilson Turner, is the grantee of the devisees of one Louisa J. Sanford, who had title to the property, and who devised it by will to her four children, from whom Turner derives his title. The problem presented for solution is the validity of the tax deed under which the plaintiffs

and the third-party defendant holds. If the tax deed is valid, the rights of Louisa J. Sanford's devisees were extinguished and the defendant Turner did not acquire good title from them. On the other hand, if the tax deed is invalid, Louisa J. Sanford's devisees retained title to the property and their title passed by deed to the defendant Turner. The validity of the tax deed in turn depends on the validity of the tax assessment, pursuant to which the property was sold for non-payment of taxes.

Louisa J. Sanford died on September 3, 1920. By will, which was admitted to probate on September 16, 1920, the property was devised to her four children. The taxing authorities of the District of Columbia continued, however, to assess the property for taxes in the name of Louisa J. Sanford until 1934. During the intervening years the children of Louisa J. Sanford paid the taxes on the property, but on their failure to do so for 1934, the property was sold for non-payment of taxes to one Black, from whom the third-party defendant and the plaintiff Shields derive their rights. It is claimed by the plaintiffs that the assessment was void because it was made in the name of the prior deceased owner instead of in the name of the persons to whom the property was devised and who were the owners in fact. On the other hand, the defendants contend that this procedure was sanctioned by law and that, therefore, the assessment was valid.

The validity of the assessment depends on the provisions of Title 47, Section 701, of the District of Columbia Code (1940 Ed.), the pertinent portion of which reads as follows:

"All real property in the District of Columbia, except as hereinafter provided, shall be assessed in the name of the owner, or trustee or trustees of the owner thereof. All *undivided real property* of a deceased person may be assessed in the name of such deceased person until the same is divided, according to law, or has otherwise passed into the possession of some other person or persons; * * *." (Emphasis supplied.)

It will be observed that undivided real property of a deceased person may be assessed in the name of the deceased until the property is divided. The question to be determined, therefore, is whether property held by two or more persons as tenants in common, as was the case in this instance,

is to be regarded as undivided real property.

■ A tenant in common owns an undivided interest in the property.

Digby in his History of the Law of Real Property states (p. 276):

"From the earliest times, it must have been common for two or more persons to have undivided interests of some kind in land. By the time of Littleton three kinds of undivided ownership had come to be distinguished as having different attributes. The persons entitled are called *joint tenants, tenants in common, coparceners.* * * * The point of resemblance between the three kinds is that the co-owners have no separate estate or interest in any distinct portion of the land over which they have simultaneously rights of property, they are each interested, according to the extent of their share, in every part of the whole.land and its proceeds."

■ Black's Law Dictionary (3d Ed.) 1777 contains the following definition:

"An undivided right or title, or a title to an undivided portion of an estate, is that owned by one of two or more tenants in common or joint tenants before partition."

2 Bouv. Law Dict., Rawle's Third Revision, p. 3352, defines the word "undivided" as follows:

"Held by the same title by two or more persons, whether their rights are equal as to value or quantity, or unequal."

■ It follows that property owned by tenants in common must be deemed to be undivided property within the meaning of the statute. Until a partition takes place, or there is a conveyance by the tenants in common vesting the entire title in one person, the property remains undivided in the eyes of the law. Consequently, under the circumstances of this case, the tax assessment in the name of the deceased owner complied with the statutory requirement.

■ Any other construction would render the statute futile and almost worthless from a practical standpoint, since it is difficult to conceive of real property in the District of Columbia which is undivided in the legal sense unless it is property owned by tenants in common or joint tenants. It is understood to be the contention of the defendants that the property should be deemed to have been undivided only between the death of Louisa J. Sanford and the probate of her will. There seems to be no logical basis for drawing the line at this point and no authority is cited to sustain this position. The restricted interpretation urged by the defendants would render the statute applicable to a very confined and small group of situations, and would not achieve the objective for which it was manifestly intended, namely, to relieve the taxing authorities of the burden of tracing heirs and devisees and their heirs and devisees, all of whom may own undivided interests in the same property. Property owners are not prejudiced because the statute places them on notice that the assessment will be carried on the rolls in the name of the deceased owner. This fact is well illustrated in the instant case, as it appears that for many years Louisa J. Sanford's devisees were paying taxes on the property, although it was assessed in the name of their testator.

The decision in Miller Development Co. v. Emig Properties Corp., 77 U.S.App.D.C. 205, 134 F.2d 36, on which the defendants rely, is not inconsistent with the conclusion here reached and does not support their position. The question involved in that case was whether it was proper to assess property in the name of a deceased owner before his will had been probated. The answer was in the affirmative. The present problem was not before the court.

■ It is in the interest of the community that stability and repose of titles to real property should be maintained and that they should not be upset on mere technicalities. This proposition is applicable to tax titles. The grantee in a tax deed is no mere purchaser of a law suit. His title is worthy of as much respect as a title derived from a grant of any other type. If the proceedings on which the tax sale is predicated substantially comply with the statutory directions, the courts should not be astute to search for technical grounds on which to set aside the conveyance.

■ In addition to pleading in narrative form the facts relating to the state of the title, the answer also contains a number of affirmative defenses. All of them, however, set forth solely conclusions of law and are, therefore, insufficient.

The plaintiffs and the third-party defendant must be deemed to have valid title to the property. The motion of the plaintiffs and the third-party defendant for judgment on the pleadings is granted.