BONDA'S VEEVOEDERFABRIEK,
PROVIMI, B.V., Plaintiff,

v.

PROVIMI, INC., Defendant,

v.

CENTRAL SOYA COMPANY, INC., Additional Defendant on Counterclaims.

Civ. A. No. 74–C–357.

United States District Court,
E. D. Wisconsin.

Nov. 19, 1976.

As Amended Feb. 17, 1977.

William A. Stearns, Allan W. Leiser and Ronald E. Klipsch, Milwaukee, Wis., for plaintiff and additional defendant on counterclaims.

Bruce C. O'Neill, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for trademark infringement, unfair competition, and breach of contract in which the plaintiff seeks an injunction against the defendant's continued use of plaintiff's trademark and trade name, "Provimi," and unpaid royalties. The defendant disputes ownership of the mark and has counterclaimed alleging violation of the antitrust laws. Jurisdiction is based on 28 U.S.C. §§ 1332 and 1338.

The matter is now before the court on several motions. The plaintiff has moved for summary judgment as to a portion of the royalties claim and for dismissal of certain of the defendant's counterclaims. The defendant has moved for summary judgment dismissing the plaintiff's second cause of action and granting judgment in defendant's favor on the first and second counterclaims. For the reasons hereinafter stated, all of the motions are denied.

Because of the unusual and complicated relationship of the parties, it is necessary for the Court to go into the background of this action in some detail.

From 1936 through 1972, a Netherlands corporation ("IBM") was the holding company for the plaintiff, Bonda's Veevoederfabriek Provimi, B.V. ("Bonda's"). Bonda's engaged in the business of selling animal feed concentrates and milk replacers. In 1961, Provimi, Inc. ('Provimi') was established by IBM, Aat Groenvelt, and Gerhard Visser, each having a one-third ownership interest. In 1962, IBM and Provimi entered into a licensing agreement, copies of which are no longer in existence. The agreement provided that Provimi would pay royalties to IBM in exchange for IBM's technical assistance and know-how. The defendant was also permitted to use the trademarks and names "Provimi," "Provikalf," and "Provilat."

Also in 1962, the plaintiff registered the trademark "Provimi" in the United States. In 1964, the plaintiff registered the trademarks "Provikalf" and "Provilat."

In 1966, IBM and Provimi's entered into another agreement, this one for a term of seven years, which provided that Provimi would pay royalties to IBM in exchange for IBM's technical assistance and know-how, and to have the right to use the brand names "Provimi," "Provikalf," and "Provilat." The same agreement gave IBM the right to check the products manufactured and sold by the defendant. The defendant terminated the agreement, in accordance with its terms, by letter dated June 11, 1973.

In 1972, a competitor of the defendant, Central Soya Company, Inc. ("Soya") acquired IBM, had IBM assign all of its rights in the 1966 agreement to Soya, and, in turn, assigned these rights to Bonda's which had become Soya's wholly-owned subsidiary.

Having provided the necessary background, the Court will now address itself, first, to the plaintiff's motion for summary judgment and, second, to the plaintiff's motion for dismissal of the fifth, sixth, and seventh counterclaims.

The plaintiff alleges in its first cause of action that the defendant owes royalties under the terms of the 1966 agreement in the amounts of $40,847.10 for 1971, and an estimated $50,000 for both 1972 and 1973.

The defendant does not contest the $40,-847.10 figure. On this basis, the plaintiff has moved for summary judgment as to the admitted amount.

Rule 56(a) of the Federal Rules of Civil Procedure provides:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

The plaintiff contends that since the defendant has admitted a part of the royalty claim, it is entitled to summary judgment under Rule 56(a). Such is not the case.

■ The Seventh Circuit has made it clear that a judgment may not be rendered on a portion of one claim. *Biggins v. Oltmer Iron Works*, 154 F.2d 214 (7th Cir. 1946); *Metal Coating Corp. v. Baker Manufacturing Co.*, 227 F.Supp. 529 (E.D.Wis. 1964); *Commonwealth Insurance Co. of New York v. O. Henry Tent & Awning Co.*, 266 F.2d 200 (7th Cir. 1959); *Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.*, 64 F.R.D. 536 (N.D.Ill.1974).

■ However, Rule 56(d) of the Federal Rules of Civil Procedure provides:

"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Since the $40,847.10 in royalties for 1971 is admittedly due and therefore no longer in issue, it is properly the subject of a Rule 56(d) order by this court specifying that that fact exists without substantial controversy and that upon a trial of the action that fact is deemed established.

The plaintiff has also moved to dismiss the fifth, sixth, and seventh counterclaims of the defendant's amended answer, and counterclaims for failure to state a claim upon which relief can be granted.

The fifth and sixth counterclaims allege that Bonda's and Soya have violated the antitrust laws by attempting and conspiring to monopolize the animal feed and milk replacer industry, engaging in unfair competition, and conspiring to restrain trade. The defendant bases these allegations on the fact that Soya is a competitor of the defendant who acquired IBM for the alleged purpose of monopolizing the industry and induced the plaintiff to institute this trademark action for the purpose of preventing the defendant from competing with Soya.

The plaintiff contends that the fifth and sixth counterclaims allege nothing more than that Bonda has brought suit to enforce its trademark. That allegation, standing alone, fails to state an antitrust claim. The defendant contends that the enforcement of the trademark would be a violation of the antitrust laws due to the presence and activity of Soya.

The fifth and sixth counterclaims allege more than the institution of this suit. They also allege that Soya took over IBM and assigned the licensing agreement to Bonda's to further Soya's attempts to monopolize the market and eliminate defendant's competition. The institution of this lawsuit is allegedly only one more act in furtherance of the conspiracy.

■ The notice pleading requirement of Rule 8 of the Federal Rules of Civil

Procedure applies to antitrust claims. 2A Moore's Federal Practice ¶ 8.17[3], at 1743 (2d ed. 1975). Under the concept of notice pleading a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Such a certainty does not appear. *Dairy Foods Incorporated v. Dairy Maid Products Cooperative*, 297 F.2d 805, 809 (7th Cir. 1961), held:

> "Where an infringement suit is brought as part of and in furtherance of a combination and conspiracy which violates the antitrust laws and results in injury such as is here alleged the person injured may recover threefold the damages he sustains. * * * "

Also, in *Aerojet-General Corporation v. Aero-Jet Products Corporation*, 33 F.R.D. 357, 359 (N.D.Ohio 1963), a counterclaim stated a claim for relief under Rule 8(a) of the Federal Rules of Civil Procedure which alleged:

> " 'The Plaintiff and the General Tire and Rubber Company have conspired and otherwise combined to use Plaintiff's trademark "Aerojet" as a means for restraining and otherwise hindering Defendants' business to thereby gain an unlawful competitive advantage for the product line of the General Tire and Rubber Company to the great detriment of Defendants.' "

The same case also held that a parent company and its subsidiary may enter into a conspiracy within the meaning of the antitrust laws.

Under the liberal rules of notice pleading, it cannot be said that the fifth and sixth counterclaims do not state a claim for relief.

■ The plaintiff also attacks the seventh counterclaim which alleges that Soya tortiously interfered with a prospective contractual relationship, contending that competition constitutes justifiable interference in another's business relations, and that such interference is not actionable if the competition is carried on in furtherance of one's own interests by lawful means. Plaintiff further contends that the allegation of interference with a prospective contractual relationship between Bonda's and Provimi is absurd in light of the fact that the defendant elected to terminate its contractual relationship.

These arguments are not convincing. The seventh counterclaim presents a factual question. Interference by unlawful means with a prospective contractual relationship is actionable. Defendant alleges that Soya unlawfully interfered with its contractual relationship. As stated above, a claim should not be dismissed for insufficiency unless it appears to a certainty that the claimant is entitled to no relief under any state of facts which could be proved in support of the claim. Such a certainty does not exist.

The defendant has moved for summary judgment (1) dismissing the plaintiff's second cause of action for trademark infringement; (2) granting the defendant's first counterclaim which alleges that the plaintiff is estopped from suing for trademark infringement because the defendant has owned the common law trademark "Provimi" in the United States since before December 18, 1961, that it applied for and obtained registration of the trademark in the United States, and that the plaintiff has never used any such trademark in the United States and has never controlled the defendant's use of its said trademark; and (3) granting the defendant's second counterclaim which alleges that the plaintiff abandoned its trademark by never using it in the United States. We will take up the defendant's motions in order.

■■ In regard to dismissing the plaintiff's cause of action for trademark infringement, the defendant had the use of the registered trademark "Provimi" by virtue of a licensing agreement with the plaintiff. In order for the plaintiff to have abandoned its trademark under a licensing agreement, it must also have failed to exercise control over the products sold under the trademark. *Dawn Donut Co. v. Hart's*

*Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959). There is a question of material fact as to the control exercised by the plaintiff.

The 1966 licensing agreement provided that IBM had the right to check the products manufactured and sold by Provimi, Inc. There is correspondence between the plaintiff and defendant indicating that samples of the products were sent to the plaintiff for analysis. Whether or not these controls were adequate to avoid an abandonment of the trademark is a question of fact material to the claim.

■ In regard to the equitable estoppel, defendant contends that the plaintiff should be equitably estopped from suing for trademark infringement due to its alleged acquiescence in the defendant's development of the trade name and its permanent assignment to the defendant of trademarks "Provikalf" and "Provilat." This presents a question of material fact. The existence of the licensing agreement raises the question of whether the development of the trademark "Provimi" was for the benefit of the plaintiff or defendant. There is also the question of whether there has been the requisite intentional abandonment needed for "acquiescence" in the absence of a licensing agreement.

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motions for dismissal and for summary judgment are denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that there is no substantial controversy existing as to the amount of royalties owing under the licensing agreement for the year 1971, and the amount of $40,847.10 is deemed to be established upon a trial of the action.