**In re AMICA, INC., Debtor.**

**Bankruptcy No. 90 B 6964.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 5, 1991.

Robert R. Tepper and Richard Friedman, Rosenthal and Schanfield, Chicago, Ill., for BB Asset Management, Inc.

Jay Weisman and Mitchell Nagorsky, Weisman & Weisman, Chicago, Ill., for debtor.

## MEMORANDUM OPINION ON MOTION OF BB ASSET MANAGEMENT, INC. FOR PARTIAL JUDGMENT ON THE PLEADINGS

JACK B. SCHMETTERER, Bankruptcy Judge.

BB Asset Management, Inc. ("BBAM"), as successor to Brown Bag Software, filed an amended proof of claim in this bankruptcy proceeding consisting of three counts (the "Claim"). Count I requests that the Court enter an order declaring BBAM to be the owner of a certain computer software program ("Program") pursuant to a contract entered into between BBAM and the debtor Amica, Inc. ("Debtor") ("Contract"). The remaining two counts seek damages for alleged breach of the Contract and unauthorized licensing of the Program by Debtor to third parties. Debtor denies certain of BBAM's allegations, and in addition pleaded nine affirmative defenses.

BBAM moved for partial judgment on the pleadings pursuant to Rule 12(c) Fed. R.Civ.P. regarding Count I of its Claim (the "Motion"). A briefing schedule was fixed. On June 14, 1991, that motion was set for the Court to receive all briefs. Counsel for both parties failed to appear, but there was no requirement that they do so. The Court had previously reviewed the briefs and was prepared to rule. An Order was entered denying the Motion with a statement on the record that the objections argued by Debtor's counsel in his brief were the basis for that Order. BBAM thereupon filed the instant Motion to vacate or in the alternative to reconsider that Order.

Having considered all the pleadings and briefs filed, the Court denies the Motion to vacate or in the alternative reconsider. The Court's previous Order denying the Motion for partial judgment on the pleadings will stand for the reasons stated below.

## UNDISPUTED FACTS

Certain facts are undisputed in the pleadings:

On or about June 22, 1989, BBAM entered into a written agreement with the Debtor ("Contract"). The Contract was for the sale of a computer software program known as the PC–Hooker ("Program") from Debtor to BBAM.

Sometime after the Contract was executed by the parties, a dispute arose as to

the ownership of the Program. BBAM filed a lawsuit in the Northern District of California wherein BBAM contended that it owned the Program despite Debtor's assertions that Debtor in fact owned the Program.

Debtor filed its petition for bankruptcy under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. ("Code"). BBAM moved this Court to lift the automatic stay in order to allow the litigation in California to continue there. That motion was denied, effectively moving the dispute pending in California to this Court.

On or about March 29, 1991, BBAM filed an Amended Proof of Claim consisting of three counts ("Claim"). Count I of the Claim seeks judgment declaring that BBAM is the owner of the Program. In particular, BBAM contends that title to the Program was irrevocably transferred to BBAM from Debtor at the time the Contract was executed pursuant to the plain language of the Contract. Count II alleges that Debtor has continued to sell the Program in breach of the Contract, and seeks damages. Count III alleges that Debtor has granted unauthorized licenses to the Program to third parties, and seeks an unliquidated amount of damages.

In its Response to the Claim, Debtor affirmatively pleaded that the sale under the Contract was never consummated, and that title to the Program never passed from Debtor to BBAM. In particular, Debtor contends that certain conditions precedent to transfer of title under the Contract were not performed. Debtor contends that the language contained in Paragraph 1 of the Contract[1] identifies two conditions precedent intended by the parties. First, that the transfer of title was not to occur until a copyright assignment had been signed, and second, that the transfer was not to occur until BBAM had tendered royalty payments to Debtor.

Debtor also raises nine affirmative defenses (the "affirmative defenses"). In particular, Debtor alleges fraud in the inducement, and lack of consideration in support of its contention that the Contract was neither valid nor enforceable.

First, Debtor contends that it was fraudulently induced by BBAM to enter into the Contract. Debtor alleges that in their contract negotiations, BBAM represented that it was a viable and solvent company with a sales department that could actively and aggressively promote the Program in the marketplace, that BBAM had contacts with major manufacturers, and that its sales of the program would generate $100,000 per year in royalty payments to Debtor. Debtor contends that at the time of those negotiations, BBAM was in fact insolvent and had incurred debts in an amount exceeding $3,000,000, BBAM had no sales department, BBAM did not have relationships with major manufacturers, and no royalties were ever paid to Debtor. Debtor argues that it would not have entered into the Contract if it had known the truth regarding BBAM's representations.

Second, Debtor alleges fraud in the form of BBAM's failure to remit royalties to Debtor for sales of the Program pursuant to Paragraph 3 of the Contract. Debtor alleges that there has been a continuing pattern on the part of BBAM whereby BBAM enters into agreements with other software sellers, obtains ownership rights to software programs, and subsequently fails to make payments to the software sellers as required under the agreements. Debtor contends this pattern is evidence of BBAM's intent to obtain ownership of the Program from Debtor without paying for it, thereby constituting fraud.

Debtor also alleges that BBAM has failed to make certain payments to Debtor as is required under the Contract, and that

---

1. Paragraph 1 of the Contract provides:
 Except as provided for in Paragraph 3, Seller irrevocably transfers to BB all its rights, title and interest in and to the Program ..., including copyright in the programs.... Seller agrees to execute any and all assignments ... necessary or appropriate to effect or record the transfer of Seller's copyrights and other rights in the Product to BB on an exclusive basis....
 Paragraph 3 of the Contract provides "[BBAM] will pay [Debtor] a 10% royalty on sales of products sold and collected."

such failure constitutes a failure of consideration. Specifically, Debtor contends that the Contract provides for BBAM to pay to Debtor the following payments: a $5,000 royalty; $36,690 ($5,000 of which was concededly paid) for modifications to the Program requested by BBAM and made by Debtor; and, $11,175 as payment for BBAM's attendance at three trade shows. Debtor alleges that BBAM has never made these payments to Debtor, and that therefore the Contract fails for failure of consideration.[2]

## DISCUSSION

### Jurisdiction

United States District Courts have subject matter jurisdiction over cases arising under, arising in, or related to proceedings under Title 11. 28 U.S.C. § 1334(a), (b). Each District Court is authorized to refer such proceedings to bankruptcy judges for the district. 28 U.S.C. § 157(a). The United States District Court for the Northern District of Illinois has made such referral pursuant to Local Rule 2.33.

In a core proceeding that arises in or under Title 11, a bankruptcy judge has jurisdiction to hear and determine the proceeding and issue final orders and judgments. 28 U.S.C. § 157(b)(1). This proceeding is a core proceeding under § 157(b)(2)(B) which specifically provides that core proceedings include allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B).

### Judgment on the Pleadings Standards

■ Under Rule 12(c) Fed.R.Civ.P. (Bankruptcy Rule 7012(c)), a motion for

judgment on the pleadings is properly granted if the undisputed facts appearing in the pleading, supplemented by any facts of which the court should take judicial notice, clearly entitle the moving party to judgment as a matter of law. *Flora v. Home Fed. Sav. and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir.1982); *Friedman v. Washburn Co.*, 145 F.2d 715, 717–18 (7th Cir. 1944); *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987). A motion for judgment on the pleadings is only appropriate when there are no material allegations of fact in dispute and only questions of law remain.[3] *Flora*, 685 F.2d at 211; *Friedman*, 145 F.2d at 717–18; *Nat'l Fidelity Life Ins. Co.*, at 358; *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977); *Republic Ins. Co. v. Culbertson*, 717 F.Supp. 415, 481 (E.D.Va.1989). A plaintiff may not win judgment on the pleadings when a defendant's pleadings raise issues of fact which would defeat recovery if proven. *Friedman*, 145 F.2d at 717–18; *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967). Conversely, a defendant's motion should not be granted unless it appears beyond doubt that there is no set of facts a plaintiff can prove to support his claim. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989); *Susman v. Lincoln Am. Corp.*, 517 F.Supp. 931, 934 (N.D.Ill.1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). A moving party must clearly establish that no material issues of fact exist and that judgment on the pleadings is war-

---

**2.** Debtor also asserts certain copyright law, anticipatory repudiation, cancellation due to breach, setoff, good faith, and breach of conditions precedent as additional affirmative defenses.

**3.** Motions for judgment on the pleadings pursuant to Rule 12(c) are determined solely on the pleadings, while motions for summary judgment under Rule 56 of the Federal Rules may be decided based on other material (e.g., affidavits and depositions). *Deming v. Turner*, 63 F.Supp. 220, 222 (D.D.C.1945). However, beyond this distinction, the two motions are quite similar. *Kraftsman Container Corp. v. Finkel-*

*stein*, 461 F.Supp. 245, 250 (E.D.N.Y.1978) (An unsupported Rule 56 motion is "indistinguishable" from a Rule 12(c) motion). Rule 12(c) motions, like Rule 56 motions, are designed to resolve claims on the merits. *Republic Steel Corp.*, 785 F.2d at 177 n. 2; *Nat'l Union Fire Ins. Co. of Pittsburgh*, 666 F.Supp. at 1183. In accord with this policy, courts are granted the discretion to treat a motion for judgment on the pleadings into one for summary judgment. Fed.R.Civ.P. 12(c). *Republic Steel Corp.*, 785 F.2d at 178; *Nat'l Union Fire Ins. Co. of Pittsburgh*, 666 F.Supp. at 1183–1184. However, that has not been done here.

ranted by law. *Flora*, 685 F.2d at 211; *Nat'l Fidelity Life Ins. Co.*, 811 F.2d at 358; *A.D.E. Inc. v. Louis Joliet Bank and Trust Co.*, 742 F.2d 395, 396 (7th Cir.1984) (Judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

For purposes of considering Rule 12(c) motions, all well-pleaded allegations contained in the nonmoving party's pleadings are to be taken as true. *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n. 2, 182–83 (7th Cir.1986); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Continental Ill. Corp.*, 666 F.Supp. 1180, 1183 (N.D.Ill. 1986); *M. Snower & Co. v. United States*, 140 F.2d 367, 370 (7th Cir.1944). In ruling on a motion for judgment on the pleadings, the court must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the nonmovant. *Thomason*, 888 F.2d at 1204; *Republic Steel Corp.*, 785 F.2d at 177 n. 2; *Nat'l Fidelity Life Ins. Co.*, 811 F.2d at 358. Courts are not, however, bound by the legal characterizations contained in the pleadings. *Republic Steel Corp.*, 785 F.2d at 177 n. 2, 182–83; *Nat'l Fidelity Life Ins. Co.*, 811 F.2d at 358.

█ Since an order denying a Rule 12(c) motion is an interlocutory order, the denial of a motion for judgment on the pleadings is not immediately appealable. If a Rule 12(c) motion is denied, the action continues toward a resolution of the merits. 5A C. Wright & A. Miller, Federal Practice and Procedure § 1372 (1990 & Supp.1991).

### Partial Judgment on the Pleadings

█ Although few federal courts have addressed the issue, partial judgment on the pleadings may be granted pursuant to Rule 12(c) in much the same way that partial summary judgment may be granted pursuant to Rule 56(d). One district court has expressly held that the same principles should be applied in both instances, *Chi–Mil Corp. v. W.T. Grant Co.*, 70 F.R.D. 352, 357–58 (E.D.Wis.1976), *modified*, 422 F.Supp. 46 (E.D.Wis.1976). *Cf. Motown Record Corp. v. George A. Hormel & Co.*, 657 F.Supp. 1236, 1237–38 (C.D.Cal.1987)

(in which the court questioned propriety of partial judgment on the pleadings and avoided ruling on the issue by converting the motion to a partial summary judgment motion). Wright and Miller feel that the *Chi–Mil* result "seems sound." 5A C. Wright & A. Miller, Federal Practice and Procedure § 1369 (1990 & Supp.1991). Although the Supreme Court has not dealt with the issue directly, it gave tacit approval to a motion for partial judgment on the pleadings in a 1983 case when it did not take issue with a partial judgment on the pleadings motion granted by a lower court. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 98–99, 103 S.Ct. 1660, 1663, 75 L.Ed.2d 675 (1983). Partial judgment on the pleadings is not possible in federal pleading unless it disposes entirely of one or more counts of the complaint. *Bonda's Veevoederfabriek, Provimi, B.V. v. Provimi, Inc.*, 425 F.Supp. 1034, 1036 (E.D.Wis.1976); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216–17 (7th Cir.1946).

### The Contract is ambiguous as to time of transfer of title

BBAM contends that there are no issues of material fact regarding Count I. It argues that plain language of the Contract shows that title to the Program was irrevocably transferred from Debtor to BBAM at the time the Contract was executed. BBAM contends that because the meaning of the Contract is clear on its face, the Court need not look further than the Contract itself to determine that the parties intended to transfer title irrevocably and immediately.

Debtor responds by arguing that title was never transferred to BBAM because BBAM failed to perform certain conditions precedent contained in the Contract. In particular, Debtor points out that the provision "Seller [Debtor] irrevocably transfers to BB ... title ... to the Program" is preceded by the words "Except as provided for in Paragraph 3." Paragraph 3 provides that BBAM will pay Debtor royalties from sales of the Program. Debtor contends that because BBAM has never paid said royalties to Debtor, a condition precedent

was not met, and accordingly title never passed to BBAM.

In addition, Debtor argues that the language referring to the irrevocable transfer of title is immediately followed by language providing that Debtor would

> execute any and all assignments and other documents necessary or appropriate to effect or record the transfer of [Debtor's] copyrights and other rights in the Product to BB on an exclusive basis....

Debtor contends that because Debtor never executed said assignments, another condition precedent was not met and therefore title to the Program never passed to BBAM pursuant to the Contract.

The Contract does not explicitly provide at what time or after what event title was to pass from Debtor to BBAM. As a result of this silence, the Contract can be read in either of two ways: that title to the Program was to pass to BBAM at the time the Contract was executed, or that title was to pass only after certain payments were made to Debtor and/or after Debtor signed documents of transfer. Thus, the Contract is ambiguous as to when the parties intended the transfer of title to take place.

■ The Contract was executed in California and provides that it is to be interpreted according to California law.

Under California law, Cal.Civ.Pro.Code § 1856 provides:

> (a) Terms set forth in a writing intended by the parties as a final expression of their agreement ... may not be contradicted by [parol or extrinsic] evidence;
>
> (g) This section does not exclude other evidence ... to explain an extrinsic ambiguity.... Cal.Civ.Pro.Code § 1856(a), (g).

Courts have consistently found that parol evidence is admissible to clear up ambiguity or uncertainty regarding the meaning of a contract. *See Crawford v. France*, 219 Cal. 439, 27 P.2d 645, 647 (1933) (in which the court found extrinsic evidence to be admissible in order to determine the cost of construction since the contract was silent regarding that issue); *California Employment Stabilization Comm. v. Wal-*

*ters*, 64 Cal.App.2d 554, 149 P.2d 17, 19 (1944) ("The very fact ... that plaintiff questioned the meaning of certain ... clauses used in framing the agreement in itself shows that it was ambiguous"); *Norton v. Farmers Automobile Inter–Insurance Exchange*, 40 Cal.App.2d 556, 105 P.2d 136, 140–41 (1940). In *Norton*, the court found that where the words of a contract were susceptible to two interpretations, parol evidence was admissible in order to show, not only the circumstances under which the contract was made, but also what the parties intended and understood the language to mean. *Norton*, 105 P.2d at 141.

In addition, courts have allowed parol evidence in order to determine whether a contract depended upon a condition precedent, as long as express provisions in the contract were not inconsistent with the condition precedent. *See Severance v. Knight–Counihan Co.*, 29 Cal.2d 561, 177 P.2d 4, 5 (1947). Because the Contract in issue here does not explicitly provide for a time of transfer or an event which would cause the transfer, there are no express provisions in the Contract which are inconsistent with the conditions precedent alleged by Debtor.

■ Thus, because it is not clear to the Court upon a plain reading of the Contract when title to the Program was to pass from Debtor to BBAM, extrinsic evidence may be considered at trial in order to determine the parties' intent regarding the time of transfer. It therefore follows that there is at least one issue of material fact posed by the pleadings which requires the Court to deny the Motion.

### *Affirmative defenses raise issues of material fact*

■ Even if it were clear from the Contract that the parties intended the transfer of ownership rights to be immediate and absolute as BBAM contends, Debtor has filed affirmative defenses to the Claim of BBAM. Those affirmative defenses constitute an additional pleading and the facts alleged therein must be taken as true by the Court for purposes of this Motion. *See*

Rule 12(c) Fed.R.Civ.P. and previous discussion on standards for judgment on the pleadings. Certain of those affirmative defenses alleging fraud in the inducement, fraud, and failure of consideration all go to the issue of whether there was ever a valid contract between Debtor and BBAM, and thus directly respond to the declaratory relief which BBAM seeks in Count I. If Debtor were to prevail on these affirmative defenses, it may be that title to the Program never passed to BBAM since the Contract was neither valid nor enforceable. Thus, the affirmative defenses raise issues of material fact which also cause the Court to deny the Motion.

 Furthermore, parol evidence is admissible to show fraud or fraudulent inducement to enter into a contract. Cal.Civ. Pro.Code § 1856(g) specifically excludes from the parol evidence rule "evidence ... to establish illegality or fraud." Moreover, Cal.Civ.Code § 1640 provides

> when, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded. Cal.Civ.Code § 1640.

*See also Bell v. Exxon Co.*, 575 F.2d 714, 715 (9th Cir.1978) ("parol evidence ... is admissible to show fraudulent inducement to enter into a contract....")

It is also well established that parol evidence is admissible to show lack of consideration. *Simmons v. California Institute of Technology*, 34 Cal.2d 264, 209 P.2d 581, 585 (1949) ("The true consideration of a contract may be shown by extrinsic evidence"); *Patterson–Ballagh Corp. v. Byron Jackson Co.*, 145 F.2d 786, 790 ("It is the California rule that the recital of consideration in a written instrument is not conclusive. Parol evidence is admissible ... to show the true consideration").

Thus, the parol evidence rule does not preclude this Court from considering evidence relating to Debtor's affirmative defenses of fraud, fraud in the inducement, and lack of consideration. Because these affirmative defenses raise issues of material fact regarding ownership of the Program, the Court must deny the Motion for partial judgment on the pleadings with respect to Count I.

Because the Court has denied the Motion for reasons stated above, the remaining affirmative defenses and arguments asserted by Debtor need not be reached for purposes of this Motion.

### CONCLUSION

Accordingly, the Court denies BBAM's Motion to vacate or in the alternative to reconsider the Court's previous Order. That Order denying BBAM's Motion for partial judgment on the pleadings will therefore stand.