Ronald F. Grossman, Joel A. Schechter, Grossman, Mitzenmacher & Schechter, Chicago, IL, for debtor/defendant.

Michael J. Davis, Katz, Randall & Weinberg, Chicago, IL, for plaintiff.

**In re Pamela A. WEST, Debtor.**

**John R. OLTMAN, Plaintiff,**

v.

**Pamela A. WEST, Defendant.**

**No. 92 B 22847.**

**Adv. No. 93 A 00136.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 14, 1993.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

An employer alleges that for approximately five years a bookkeeper improperly paid her personal bills in excess of $100,000 with his money. Eventually, the employer noticed the missing monies and demanded repayment from the bookkeeper. In exchange for a general release and covenant

---

not to sue, the bookkeeper made a note to the employer for $75,000, payable with interest over fifteen years. About ten months later, the bookkeeper filed a voluntary chapter 7 petition. The employer filed a complaint to determine the dischargeability of the $75,000, scheduled as an unsecured debt by the Debtor. The Debtor filed a motion for judgment on the pleadings based on the general release and covenant not to sue[1]. For the reasons discussed below, this Court will grant the Debtor's motion and enter judgment in favor of the debtor.

## I. FACTS

In 1986, John Oltman employed Pamela A. West ("Debtor") as a bookkeeper for Oltman's personal and business interests. Oltman gave the Debtor the authority to sign checks and pay Oltman's bills. In late 1991, Oltman discovered missing monies totalling approximately $100,000 and accused the Debtor of improperly disbursing that money for the payment of her personal bills. December, 1991, the Debtor made a fifteen year note payable to Oltman in the amount of $75,000 in exchange for Oltman's release of any and all claims against the Debtor and agreement not to sue the debtor for any obligations other than Debtor's obligation as maker of the note. The General Release and Covenant Not To Sue (the "Release") provides (emphasis added):

FOR AND IN CONSIDERATION of the contemporaneous execution and delivery by PAMELA ANN WEST ("WEST") to JOHN R. OLTMAN ("OLTMAN") of a certain Promissory Note in the principle [sic] amount of Seventy–Five Thousand ($75,000) Dollars, payable to the order of OLTMAN in installments ("THE NOTE"), OLTMAN agrees, covenants, undertakes and binds himself as follows:

1. OLTMAN shall and does hereby remise, *release and forever discharge* ...

WEST ..., from and against all manner of actions, complaints, causes of action, claims, suits, debts, breaches, sums of money, accounts, reckonings, contracts, torts, controversies, agreements, promises, damages, judgments, executions, claims and demands, whatsoever, in law or in equity, arising out of, directly or indirectly, any matter, transaction, representation, event or thing from the first day of time to and including the date hereof; provided, however, *specifically excepted and excluded from the foregoing General Release by OLTMAN is the obligation of WEST as maker of THE NOTE.*

2. ... OLTMAN ... does hereby further covenant not to sue WEST ... upon any matter within the stated scope of said General Release; and, OLTMAN shall not and will not bring, commence, prosecute, maintain or cause or permit to be brought, commenced, prosecuted or maintained in his name ... any suit, claim, action or charge against WEST ...; provided, however, specifically excepted and excluded from the foregoing covenant by OLTMAN is the obligation of WEST as maker of THE NOTE.

3. OLTMAN acknowledges that execution and delivery of THE NOTE by WEST has been undertaken by her solely for the purpose of compromise, settlement and expeditious resolution of controversies with OLTMAN and *THE NOTE represents a complete accord, satisfaction, settlement and comprehensive resolution of all controversies between OLTMAN and WEST....* OLTMAN agrees that all of the terms of this General Release and Covenant Not To Sue shall be in all respects effective and binding and not subject to termination or recision [sic].... OLTMAN acknowledges receipt and sufficiency of THE NOTE and the adequacy of consideration for this General Release and Cov-

---

**1.** On a Bankruptcy Rule 7012(c) motion, this Court must accept as true, all well-pleaded material allegations of the non-movant and draw all reasonable inferences from the pleadings in favor of the non-movant. All documents attached to the pleadings as exhibits (in this case, the note and release) are considered part of the pleadings for purposes of this motion. Judgment on the pleadings is appropriate if, based on admitted facts, no material issue of fact is in dispute and only questions of law remain. *See generally, In re Amica, Inc.,* 130 B.R. 792, 795–96 (Bankr.N.D.Ill.1991) and cases cited therein.

enant Not To Sue; and, OLTMAN covenants not to challenge any of the same.

Nearly ten months after exchanging the note for the Release, the Debtor initiated her chapter 7 case. Notwithstanding the Release, Oltman then filed a complaint to determine the dischargeability of the debt evidenced by the note based on the Debtor's alleged fraud, defalcation and embezzlement. § 523(a)(4). This proceeding is core. 28 U.S.C. § 157(b)(2)(I).

## II. ANALYSIS

The Debtor argues that when a note is given in connection with alleged fraud or embezzlement, the issue is whether the note is merely evidence of the underlying obligation or whether the note was given in satisfaction of the obligation. The latter is dischargeable; the former is not. *Citing In re Russie*, 10 B.R. 832 (N.D.Ill.1981). Oltman instead cites *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) for the proposition that a settlement of a tort claim should not bar inquiry into the nature of the obligation that evidences the settlement.

Justice Blackmun framed the issue in *Brown* as "whether a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state suit when determining whether a debt previously reduced to judgment is dischargeable under § 17 of the Bankruptcy Act, 11 U.S.C.A. § 35." *Id.* at 127, 99 S.Ct. at 2207. In *Brown*, the debtor stipulated liability and the creditor proceeded to obtain a judgment. Neither the stipulation nor the settlement indicated the basis for the debtor's liability. The debtor then argued that the

principle of res judicata barred inquiry into whether the liability evidenced by the state judgment was non-dischargeable. According to the debtor, the creditor should have obtained a stipulation that issues of non-dischargeability were preserved notwithstanding the judgment. The Supreme Court disagreed: "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Id.* at 138, 99 S.Ct. at 2213 [2]. *See also In re Kimzey*, 761 F.2d 421, 425 (7th Cir.1985) ("Section 523(a)(6) protects injured parties who have hazarded the risks of litigation and obtained a verdict, only to have the debtor declare bankruptcy.")

Oltman's reliance on *Brown* is misplaced. This proceeding has nothing to do with whether it is appropriate to bind a creditor to its failure to litigate dischargeability in a non-bankruptcy setting where dischargeability was not even an issue. Rather, the issue is whether a creditor should be bound to its affirmative pre-bankruptcy release of its fraud claim against the debtor. Indeed, dischargeability complaints such as the one confronting this Court turn on whether there is a valid waiver of the underlying fraud claim. *See e.g., In re O'Brien*, 154 B.R. 480 (Bankr.W.D.Tenn.1993) (embezzlement debt evidenced by note deemed nondischargeable in absence of evidence that note was given in waiver, satisfaction or substitution of antecedent tort). This distinction is not new and has been long recognized in this Circuit. *See Maryland Casualty Co. v. Cushing*, 171 F.2d 257, 258 (7th Cir.1948) [3].

In *Maryland Casualty*, the Seventh Circuit addressed the interplay between a dis-

---

**2.** The Supreme Court, however, did acknowledge that the result may be different applying the principle of collateral estoppel if the factual issues of non-dischargeability are actually litigated and decided in a prior state suit. *Brown* at 139, 99 S.Ct. at 2205. The Supreme Court later so held. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 658–659, 112 L.Ed.2d 755 (1991) (if elements of state fraud judgment are same as fraud discharge exception, judgment will be exempt from discharge under collateral estoppel principles). An affirmative release of a cause of action for fraud should be no less binding than a state court adjudication of fraud in favor of the debtor.

**3.** Moreover, even if Oltman had not executed the Release, if evidence established that the Debtor made the note in settlement of Oltman's tort claim, the debt still may be dischargeable. *See Kimzey*, 761 F.2d at 425 (debt evidenced by note given in settlement of § 523(a)(6) claim discharged; creditor deemed not to be on equal ground with creditors who only hold previously entered judgments); *but compare Greenberg v. Schools*, 711 F.2d 152, 156 (11th Cir.1983) (debt should not be discharged simply because creditor entered into settlement agreement).

**824**

charge in bankruptcy .and contract obligations given in settlement of antecedent torts. The Seventh Circuit succinctly stated the applicable law:

> where a note is accepted only as evidence of a pre-existing debt and not as satisfaction or waiver of a tort action, acceptance of such a note will not of itself waive the original cause of action.... But if it is shown that the note, by express agreement, is given and received, as payment or waiver of the antecedent tort action, ..., and if the agreement is that the note operates to discharge the original obligation and substitute a new one therefor ... then the original debt is fully satisfied by acceptance of the note. 171 F.2d at 258–259 (citations omitted, emphasis added)

The Release is the type of "express agreement" contemplated by *Maryland Casualty*. The Release specifically recites that the Debtor's note: (1) was "in consideration of" Oltman's agreement to release and discharge all tort claims and causes of action against the Debtor and (2) represents "a complete accord, satisfaction, settlement and comprehensive resolution of all controversies" between the parties.

### III. CONCLUSION

Oltman does not claim that the Release is invalid. Thus, the sole obligation of the Debtor not released by Oltman is the Debtor's obligation as maker of the note. The Debtor's obligation as maker of the note is an unsecured debt dischargeable in bankruptcy. If Oltman intended to preserve his right to bring a complaint objecting to dischargeability, the Release should have been so qualified. The consequence of this ruling is a reminder to all creditors of the need to be cognizant of the effects of bankruptcy on their claims and to document their rights accordingly. The Debtor's motion for judgment on the pleadings will be granted.

An appropriate Order will be entered accordingly.