**Frank P. BATTAGLIA, Trustee, and Battaglia Distributing Corp., Inc., Plaintiffs,**

v.

**Carol M. BROWNER, Administrator, U.S. Environmental Protection Agency, Defendant.**

No. 96 C 6024.

United States District Court, N.D. Illinois, Eastern Division.

April 30, 1997.

John C. DeWolfe, Jr., DeWolfe, Poynton & Stevens, Chicago, IL, William J. Stevens, Chicago, IL, for plaintiffs.

Christopher Eric Tracy, U.S. Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Frank P. Battaglia sued Carol M. Browner, the Administrator of the Environmental Protection Agency ("EPA"), pursuant to the "citizens suit" provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9659(a)(1), complaining that the defendant wrongfully designated his property as a "facility," and wrongfully listed it in and refused to delete it from the CERCLA Information System ("CERCLIS"). The Administrator moved for judgment on the pleadings under Fed.R.Civ.P. 12(c).

A judgment on the pleadings is appropriate when the moving party is clearly entitled to judgment as a matter of law. *In re Amica, Inc.*, 130 B.R. 792, 795 (N.D.Ill.1991). This is such a case. Under CERCLA,

any person may commence a civil action on his own behalf—

(1) against any person (including the United States and any other governmental instrumentality or agency, ...) who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective ...; or

(2) against the President or any other officer of the United States (including the Administrator of the Environmental Protection Agency and the Administrator of the ATSDR) where there is alleged a failure of the President or of such other officer to perform any act or duty under this chapter .... which is not discretionary with the President or such other officer.

42 U.S.C. § 9659(a). Mr. Battaglia sues under subsection (1).[1]

Mr. Battaglia relies upon 40 C.F.R. § 300.5, which defines CERCLIS as the

EPA's comprehensive data base and data management system that inventories and tracks releases addressed or needing to be addressed by the Superfund program. CERCLIS contains the official inventory of CERCLA sites and supports EPA's site planning and tracking functions. Sites that EPA decides do not warrant moving further in the site evaluation process are given a "No Further Response Action Planned" (NFRAP) designation. This means that no additional federal steps under CERCLA will be taken at the site unless future information so warrants. Sites given a NFRAP designation are placed in a separate archival data base. Inclusion of a specific site or area in the CERCLIS data base does not represent a determination of any party's liability, nor does it represent a finding that any response action is necessary.

Mr. Battaglia complains that the Administrator may not include a site in CERCLIS unless a "release"[2] occurred on the property, and must remove the site from CERCLIS

---

1. Since Mr. Battaglia does not argue that his suit falls under subsection (2), I will not address that issue. *See Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir.1993) (burden of proof is on party invoking jurisdiction).

2. Release means "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment" of a hazardous substance. 40 C.F.R. § 300.5; 42 U.S.C. § 9601(22).

after the determination that no "release" occurred. In Mr. Battaglia's case, it is undisputed that no "release" occurred. Therefore, Mr. Battaglia contends, the Administrator did not comply with CERCLA regulations.[3]

This claim is not cognizable under 42 U.S.C. § 9659(a)(1). The Supreme Court interpreted almost identical language in *Bennett v. Spear*, —— U.S. ——, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Bennett involved a "citizens suit" provision of the Endangered Species Act ("ESA"), which provided, in pertinent part, that

> "any person may commence a civil suit on this own behalf—
>
> (A) to enjoin any person, including the United States and any other governmental instrumentality or agency ... who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or
>
> .    .    .    .    .
>
> (C) against the Secretary [of Commerce or the Interior] where there is alleged a failure of the Secretary to perform any act or duty under [16 U.S.C. §] 1533 ... which is not discretionary with the Secretary."

*Id.* at ——, 117 S.Ct. at 1165 (quoting 16 U.S.C. § 1540(g)(1)). Pursuant to 16 U.S.C. § 1536, the Secretary of the Interior, through the Fish and Wildlife Service, determined that a project contemplated by the Bureau of Reclamation would adversely affect a listed species and proposed an alternative. Dissatisfied with the alternative, the plaintiffs sued for violations of § 1536. *Id.* at —— – ——, 117 S.Ct. at 1159–60. Concluding that suit for violations of that section did not fall under 16 U.S.C. § 1540(g)(1)(A),[4] the Court explained that § 1540(g)(1)(A) is "a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies" and "that the term 'violation' does not include the Secre-

tary's failure to perform his duties as administrator of the ESA." *Id.* at ——, 117 S.Ct. at 1166. Otherwise, § 1540(g)(1)(C) would be rendered superfluous, contrary to a "cardinal principle of statutory construction" that every clause of a statute be given effect. *Id.* (quotation omitted).

Since the "citizens suit" provision of the ESA is analogous to that of CERCLA, the term "violation" in 42 U.S.C. § 9659(a)(1) does not include the Administrator's "maladministration of (CERCLA)," *see id.* at ——, 117 S.Ct. at 1167, which is what Mr. Battaglia complains about. Judgment is therefore granted in favor of the defendant.

---

**3.** Mr. Battaglia also complains that the Administrator wrongfully designated his property as a "facility." A facility is "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." 40 C.F.R. § 300.5; 42 U.S.C. § 9601(9)(B). Mr. Battaglia maintains that since

no "release" ever occurred on his property, its designation as a "facility" was not in compliance with the CERCLA.

**4.** Violations of 16 U.S.C. § 1536 expressly do not fall under 16 U.S.C. § 1540(g)(1)(C).